(80 South. 804)

### WOODWARD IRON CO. v. COOPER.
### (6 Div. 850.)

(Supreme Court of Alabama. Jan. 16, 1919.)

1. MASTER AND SERVANT ⬅︎330(3)—INJURIES TO SERVANT—INDEPENDENT CONTRACTORS—EVIDENCE.

In a coal miner's action for personal injuries due to a fall of coal, evidence *held* to show that plaintiff's direct employer as well as plaintiff himself were under the control and direction of defendant, not only as to the ultimate result of the work, but as to all its details.

2. MASTER AND SERVANT ⬅︎265(1)—INJURIES TO SERVANTS—BURDEN OF PROOF—EMPLOYMENT.

In a coal miner's action for personal injuries sustained through a fall of coal, the burden was on plaintiff to show that he was a servant or employé of the defendant as averred.

3. TRIAL ⬅︎141 — DIRECTION OF VERDICT — UNDISPUTED FACTS.

In a coal miner's action for personal injuries sustained through a fall of coal, it was error to give a peremptory instruction that plaintiff was defendant's servant without requiring the jury to believe plaintiff's evidence, although undisputed.

4. MASTER AND SERVANT ⬅︎270(6)—INJURIES TO SERVANT—EVIDENCE.

In a coal miner's action for personal injuries due to a fall of coal, testimony by witness as to conditions in the mine when he first saw it after the injury was properly excluded, in the absence of proof that conditions were unchanged between that time and the time of the accident.

5. MASTER AND SERVANT ⬅︎270(8)—INJURIES TO SERVANT—EVIDENCE.

Where a coal miner was injured by a fall of coal in a mine, testimony by a witness who investigated soon after the accident, as to whether other coal or rock had fallen at other places than that where plaintiff was working, was erroneously excluded, the contested issue being whether the fall of coal was confined to the pillar at which plaintiff was working.

6. MASTER AND SERVANT ⬅︎270(8)—INJURIES TO SERVANT—EVIDENCE.

In a coal miner's action for personal injuries due to a fall of coal, where it was contested whether the fall was confined to the pillar at which plaintiff was working or whether it started elsewhere, it was not sufficient to permit a witness to testify that the roof was not broken when he examined it after the accident, in answer to a question as to whether other coal had fallen.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by John Cooper against the Woodward Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

V. J. Nesbit, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

Goodwyn & Ross, of Bessemer, for appellee.

ANDERSON, C. J. The plaintiff was injured by having coal and rock fall upon him while robbing or pulling a pillar in the defendant's mine. The plaintiff's theory is that the injury resulted from a falling of the roof some distance from him, but extending to the portion over or near him, and which proximately resulted from a failure to pick the roof or have it properly propped at the point where it first broke or started to fall. The defendant's theory is that the roof did not give way and commence to fall at the point as claimed by the plaintiff, but the plaintiff was injured by the falling of the roof or coal immediately over him, or so near the place of his work as made it his duty to guard his own safety against said falling coal or roof. In other words that he was injured as the proximate result of his own negligence as to the method of robbing the pillar and of a failure to sufficiently prop the same, which it was his duty to do at this particular place. Therefore, according to the plaintiff's theory, there was evidence from which the jury could infer that the defendant had negligently failed to furnish the plaintiff with a reasonably safe place within which to work, as charged in count 1 of the complaint. There was also sufficient evidence to take the case to the jury as to the counts charging negligence on the part of the superintendents there named as for a failure to either remove or sufficiently prop so much of the roof as the plaintiff claims fell beyond the point where he was working. True, Cunningham may not have worked there immediately before the plaintiff was injured; but there was proof as to the condition of the roof the day previous, or when said Cunningham was at work, and from which the jury could infer that he should have discovered the condition of same and either had it pulled or more securely propped. There was also evidence from which the jury could infer that Billingsley and Cunningham were superintendents of the defendant as to the duties charged in the complaint. It is admitted by the appellee that there was no proof of the counts charging negligence of an unknown superintendent, and the trial court could have well given the affirmative charge for the defendant as to these counts. Whether or not the court's refusal to do so can be justified under circuit court rules 34 and 35 we need not decide, as this case must be reversed for other reasons.

[1] It may be conceded that, notwithstanding the plaintiff and Cunningham both spoke of the latter in their testimony as a contractor, this did not show him to be an independent contractor, as there was a contractual

element between master and servant, and that Cunningham's evidence, which was uncontradicted, showed upon cross-examination that he and the plaintiff were servants of the defendant within the contemplation of the Employers' Liability Act (Code 1907, § 3910). He said:

"The company gives me a certain working place and puts me there, and pays me sixty-six cents a ton for what coal I mine. The company has men to tell me how that coal is to be mined and where to go to mine it. They have a bank foreman and they have what is known as a dirt foreman. I just have the coal loaded in the car, and the company takes the cars and places them outside. The men that work for me, I turn the time in to the company, and the company pays them. That is the requirements. That work that I do there I do it under the directions of the Woodward Iron Company's bank foreman and their dirt foreman and those that have got charge of the inside of the mines. I am subject to their orders. They do not have the right to discharge the men I hire. The bank foreman has no right to discharge my laborers. I never did have them discharged. If one of my men don't do as the mine foreman wants him to do he will jump on me. He will have him fired; makes me fire him. If I didn't fire him, he would fire me. I turn the men's time into the office, and the company cuts doctor bills for them out of their time that I turn in, I suppose. I don't know that they take it. They cut it from me."

This evidence if believed by the jury, shows that Cunningham was simply receiving a certain price per car, but that the defendant had choice, control, and direction over him and the hands, and who represented the defendant's will not only in the ultimate result of the work, but in all of its details. Lookout Mountain v. Lea, 144 Ala. 169, 39 South. 1017; Republic Iron & Steel Co. v. McLaughlin, 200 Ala. 204, 75 South. 962, and cases there cited.

[2, 3] The burden of proof, however, was on the plaintiff to show that he was a servant or employé of the defendant, as averred in the complaint (Warrior Pratt Co. v. Shereda, 183 Ala. 118, 62 South. 721); and the trial court erred in giving peremptory instructions as requested by the plaintiff as to this issue, without the hypothesis of believing the evidence. (Said charge is embodied in the eighth assignment of error.) It seems that such charge was given in the McLaughlin Case, supra, but that was for the defendant as for failure of proof by the plaintiff as to his material averment that he was not a servant. Here the plaintiff got it, but was not entitled to same unless the evidence was believed by the jury. There is a distinction between the right of the court to direct an issue for the defendant as for failure of proof by the plaintiff and where the plaintiff must prove a case, for in the latter instance a belief of the evidence is essential. The court can direct an issue as for failure of proof upon the part of him who carries the burden, but cannot do so simply because the evidence going to establish the burden is undisputed.

[4] The trial court was justified in sustaining plaintiff's objection to the questions to the witness Cunningham, as to conditions in the mine when he first saw it after the injury, as the proof did not show that conditions were unchanged between then and the time of the accident.

[5] As to the witness Ginn, however, his investigation was soon after the injury, and the proof showed no change in conditions between the injury and his examination, and the trial court erred in sustaining an objection to the following question, "Had any other coal or rock fallen other than the pillar which you saw, the stump of the pillar which you saw there at the time that you were last there?" as well as to the succeeding question on page 64 of the transcript. One of the most material and stringently contested issues in the case was whether or not the falling of coal and rock which injured the plaintiff was confined to the pillar or behind where he was pulling, or commenced at some other point and extended to where he was; and if Ginn saw the place before the coal and rock were removed, and examined the roof and the floor, he should have been allowed to tell where the rock and coal fell or where it did not fall. He did not have to be an eyewitness to the falling in order to tell where the coal and rock fell. This did not call for a forbidden conclusion, but for a shorthand rendering of the facts that the roof and floor were examined, and disclosed that the coal did not and could not have fallen except at the pillar.

[6] True, the witness was permitted to testify that the roof was not cracked or broken when he examined same; but this did not give the defendant the full benefit of the questions excluded as the roof could have been unmarked and unbroken after the fall, and the defendant was deprived of the benefit of the witnesses' examination of the floor also in determining where the coal fell.

For the errors above designated the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.