(82 South. 30)

ALABAMA FUEL & IRON CO. v. SMITH.
(6 Div. 695.)

(Supreme Court of Alabama. May 15, 1919.)

MASTER AND SERVANT ⊙==88(3)—RELATION—INDEPENDENT CONTRACTORS.

Where defendant employer had choice, control, and direction over plaintiff and another and men under them, and plaintiff and such other not only represented defendant in the ultimate result of the work but in all of its details, the relation to defendant of plaintiff and such other was that of master and servants, not independent contractors, although they referred to themselves as "contractors."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Master and Servant.]

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by Henry Smith against the Alabama Fuel & Iron Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Percy, Benners & Burr, of Birmingham, for appellant.

Harsh, Harsh & Harsh, M. L. Ward, and W. J. Slaughter, all of Birmingham, for appellee.

ANDERSON, C. J. (for the majority). This cause appears to have been submitted to the jury upon counts 1, 4, and 7. Count 1 proceeds upon the theory that the plaintiff was a servant, and charges negligence against one superintendent "Redmond." Count 4 is also brought in the capacity of servant, or employé, and charges the negligence to an unknown superintendent. Count 7 negatives the plaintiff being a servant, or employé, but describes him as a licensee by invitation.

The proof shows that both the plaintiff and one Brandt were servants of the defendant at the time of the injury, and there was also sufficient evidence from which the jury could find that said Brandt had superintendence intrusted to him, that he, or some of his men in his presence, left the short cart-

ridge, or explosive, which the plaintiff struck and which caused the injury, and that the said Brandt was guilty of negligence in causing or permitting the same to be there. There was no positive or direct proof as to who left this explosive where it was or how it got there, but the circumstances and probabilities tended to show that it was left there, either by the plaintiff himself or some member of his gang working under him, or by Brandt or some member of his gang, who were in close proximity to same and who had just previously been engaged in firing a shot. The circumstances may point more strongly to its being left there by the plaintiff or his gang than by Brandt or his gang, but as the plaintiff and Brandt both denied leaving it there or knowing anything about it, it was a question for the jury as to how it got there; and the evidence was such as to afford a reasonable inference that it was left there either by the plaintiff and his force or by Brandt and his force, and it was therefore open for the jury to find that it was left there by Brandt or his force instead of the plaintiff or his force. The plaintiff's evidence not only showed that plaintiff and Brandt were servants, and not independent contractors, but the defendant's undisputed evidence in effect showed the same thing. The defendant's bank boss Redmond said:

"All of those men were under my supervision, I looked after all of them and after the work done by all of them."

Brandt said:

"As a rule Mr. Redmond was around the working place once every day, in the morning, but sometime he came more than that if some special thing offered, something that required and he gave me directions about whatever he wanted done; his instructions in the mine were supreme, and it is my duty to obey his instructions; he hired every man; that is, we hired them and turned them over to him to get signed for and he sent them back to us; he hired all the men and discharged them whenever he wanted to and in reference to anything about the work in the mine I had to obey his orders. * * * Mr. Smith was working under the same circumstances, and so far as I know under the same sort of arrangement as I was. He had a number of men under him and was working those men just like I was working those men under me and under the same kind of trade and the same kind of control on the part of Redmond. Mr. Smith was a contractor. I would

call him a contractor just like I would call myself a contractor."

True, the witness spoke both of himself and Smith as a contractor, but he does not say they were independent contractors, and as employés they were contractors in a certain sense, as the employment must have a contractual element, and the facts detailed by him negatives their being independent contractors and establishes the relation of master and servant. Not only does this evidence not contradict the plaintiff's proof of the relationship of master and servant, but it corroborates same. The undisputed evidence showed that the defendant had choice, control, and direction over the plaintiff and Brandt and the men under them, and that they not only represented the defendant in the ultimate result of the work but in all of its details. Lookout Mountain v. Lee, 144 Ala. 169, 39 South. 1017; Woodward Co. v. Cooper, 80 South. 804;[1] Republic Co. v. McLaughlin, 75 South. 962;[2] Warrior-Pratt Co. v. Shereda, 183 Ala. 118, 62 South. 721. The trial court did not err in refusing the general charge for the defendant as to count 4. True, it does not name Brandt as the offending superintendent and names an unknown superintendent, but the plaintiff testified that when this suit was brought he did not know Brandt's name.

As the undisputed evidence showed that the plaintiff was an employé, the trial court erred in not giving the defendant's requested general charge as to count 7.

The trial court should have given the defendant's requested general charge as to count 1. There was no proof whatever of any negligence on the part of Redmond with reference to the shot, or explosive, in question. It was his duty to inspect the mine, which he did that morning, but there was nothing from which the jury could reasonably infer that he discovered the shot, or explosive, or that it was so placed or situated that he, or any other reasonably prudent man, could or would have discovered it by the exercise of reasonable care in or about the inspection of the said mine.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

MAYFIELD, J., concurs in conclusion.

[1] 202 Ala. 420.　　[2] 200 Ala. 204.