(84 South. 802)

HARRIS v. HENDERSON LAND & LUMBER CO. (6 Div. 957.)

(Supreme Court of Alabama. Jan. 15, 1920. Rehearing Denied Feb. 5, 1920.)

1. MASTER AND SERVANT ☞301(4)—RELATION HELD NOT TO EXIST BETWEEN CONVICT AND HIRER.

The relation of master and servant did not exist between a hirer of convicts and a convict whose negligence injured a third person, where the convict was under the exclusive control of the warden.

2. CONVICTS ☞10(5)—HIRER NOT LIABLE FOR INJURIES TO THIRD PERSON.

A hirer of convicts was not liable for injuries to a third person caused by a team driven by a convict, though sent off the premises of the hirer in violation of Code 1907, § 6532, where the convicts were under the exclusive control of the warden, who assigned them to their various duties under the hirer's contract.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by George Harris against the Henderson Land & Lumber Company for personal injuries. Judgment for defendant, and plaintiff appeals. Affirmed.

The Henderson Land & Lumber Company operated a turpentine orchard and still for the manufacture of turpentine and its by-products, and in the operation thereof hired from the state of Alabama 100 male convicts. The still was located in the forest, some distance from the river where defendant maintained a storage warehouse. In passing from the still to the storage warehouse the wagon road led across lands other than those belonging to the Henderson Land & Lumber Company. Richard Young, a convict employed under the terms of the contract made by defendant with the state, was in charge of and driving a team and wagon belonging to the defendant, loaded with resin being conveyed from the still to the storage warehouse, and while so transporting this load the team and wagon came in collision with the plaintiff, injuring him. There was evidence tending to show negligence or wantonness on the part of the driver, and also evidence tending to exonerate the driver and of contributory negligence of the plaintiff. At the request of the defendant the court directed a verdict for him.

H. A. & D. K. Jones, of Tuscaloosa, for appellant. The fact that the driver was a convict did not relieve the defendant from liability for his negligence. 112 Ala. 146, 20 South. 606; 179 Ala. 227, 60 South. 851. On these authorities the court erred in many of its rulings and especially in directing a verdict for the defendant.

Foster, Verner & Rice, of Tuscaloosa, for appellee. There is no error in the record. 98 Ala. 586, 13 South. 489; 112 Ala. 146, 20 South. 606; 144 Ala. 169, 39 South. 1017; 179 Ala. 227, 60 South. 851; 200 Ala. 566, 76 South. 924; 25 Hun, 210; 117 Ga. 305, 43 S. E. 780, 61 L. R. A. 739; 100 Ga. 568, 28 S. E. 251, 40 L. R. A. 95; 83 Ark. 302, 103 S. W. 744, 12 L. R. A. (N. S.) 317, 13 Ann. Cas. 167.

ANDERSON, C. J. [1] While the evidence shows that Richard Young was driving the wagon by which the plaintiff was injured, it also shows that the said Young was a state convict under the control and direction of the state warden. The defendant had no authority or choice as to the assignment of his duties independent of the warden, had no authority to discipline or control him except through the warden, and he was put in control of the wagon and team and sent to the river upon the direction of or with the consent of said warden. Section 9 of the defendant's contract with the state expressly reserved unto the state the exclusive control and charge of the convicts, and required the state to furnish all necessary officers and guards for the control and care of same; while section 11 of said contract relieves the defendant from any liability for the escape of convicts. At the time of the injury in question the state had a warden at the defendant's camp who had the supreme control of the convicts and who assigned them to their respective duties. The relation of master and servant did not exist between the defendant and Richard Young. Buckalew v. Tennessee Coal, Iron & R. Co., 112 Ala. 146, 20 South. 606; Sloss-Sheffield Steel & Iron Co. v. Weir, 179 Ala. 227, 60 South. 851;

Woodward Iron Co. v. Cooper, 80 South. 804;[1] Lookout Mountain Iron Co. v. Lea, 144 Ala. 169, 39 South. 1017.

[2] It is urged by counsel for appellant that, notwithstanding the relation of master and servant may not have existed between the defendant and Richard Young, in the general acceptation of the term, the defendant should be responsible for his acts as to third persons as for an agency or superintendence intrusted to him, as held in the cases of Sloss-Sheffield Steel & Iron Co. v. Weir; Buckalew v. Tennessee Coal, Iron & R. Co., supra; and that the said Young was sent off the premises of the defendant in violation of section 6532 of the Code of 1907. Young was not put in control of other convicts or given any duties of superintendent by the defendant, but had been designated as a team driver by the warden, and was sent to haul resin, an output of the turpentine camp, with the consent and approval of the said warden. He was also a trusty, and could, under the law, go about the premises without a guard. Whether or not it was a violation of the law to send him off the premises by the warden may be questionable, but if it was on the part of the said warden, or would have been upon the part of a hirer who had control of the convicts under section 6532, notwithstanding it was done with the consent of the warden, said section does not apply to this defendant, who did not have the custody and control of the convicts. Said section applies to hirers of convicts who have the convicts "under their control," and not to such hirers as the defendant, who was excluded by the express terms of the contract from the control and custody of said convicts.

The trial court did not err in giving the affirmative charge for the defendant, and the judgment must be affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

_____

[1] 202 Ala. 420.