(97 South. 610)

## McKEE v. CHILTON COUNTY. (5 Div. 435.)

(Court of Appeals of Alabama. Oct. 16, 1923.)

**1. Highways ⊂⊃113(4)—Plaintiff not entitled to recover from county for road work, no express or implied contract being shown.**

Where plaintiff claimed an agreement with the president of the board of county commissioners, but no express contract with defendant county, for road repair work, and he had not filed nor tendered a bond as required by Acts 1915, p. 575, § 8, he could not recover; no evidence appearing that the contract was officially authorized, or that the county impliedly agreed to pay for the services after the work was done.

**2. Counties ⊂⊃49—To bind county, board must contract officially, and not as individuals when not in session.**

Boards of county commissioners act as a board, and not as individuals, and action must be officially taken either to make a binding contract or in doing or omitting to do some act that will be taken as an implied contract.

**3. Counties ⊂⊃121—Implied contract against county arises only through official action of board, to be shown by records.**

An implied contract can never arise unless the party sought to be charged is legally authorized to contract, and the only manner in which a board of county commissioners is legally authorized to contract is by official action, which must be shown by its records.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action in assumpsit for work and labor done by T. L. McKee and J. M. Mahon against the County of Chilton. Judgment for defendant, and plaintiff McKee alone appeals. Affirmed.

Thos. A. Curry, of Clanton, for appellant.

Plaintiff having done the work and received a part of the compensation therefor, the contract for the work was ratified. Crawford v. Barkley, 18 Ala. 270; A. & T. R. Co. v. Kidd, 29 Ala. 235; Jones v. Atkinson, 68 Ala. 167, S. C., 72 Ala. 248. A county may become liable on an implied contract. Montgomery County v. Pruett, 175 Ala. 394, 57 South. 823.

Reynolds & Reynolds, of Clanton, for appellee.

Ratification of the contract by the county must be shown by record evidence. Clanton v. Chilton Co., 205 Ala. 103, 87 South. 345; Greenville v. Greenville W. W. Co., 125 Ala. 625, 27 South. 764; A. C. G. & A. Ry. Co. v.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gadsden, 185 Ala. 263, 64 South. 91, Ann. Cas. 1916C, 573; Birmingham v. Chestnutt, 161 Ala. 253, 49 South. 813; Mobile County v. Maddox, 195 Ala. 336, 70 South. 259; Crenshaw County v. Sikes, 113 Ala. 626, 21 South. 135.

SAMFORD, J. [1] The courts of county commissioners and similar boards are invested with general superintendence of the public roads, bridges, and ferries within their respective counties, and given certain powers relative thereto. Acts 1915, p. 573 et seq. By section 1 of said act such boards are given unlimited powers as to construction, maintenance, and improvement of the roads, bridges, and ferries, except as they are limited by the terms of the act. One of the limitations specified in the act is:

"That any contractor employed by the court of county commissioners or board of revenue to construct or maintain or improve public roads, bridges, ferries, culverts, drains, etc., before entering upon the discharge of his duties or before receiving any pay therefor, must execute bond payable to the county and to be approved by the probate judge, in an amount not less than the amount to be received by him ,for such work, conditioned for, the faithful performance of his contract and discharge 'of his duties thereunder: Provided that the contract exceed fifty dollars." Section 8.

The plaintiff does not claim an express contract with the county, but does claim that, after having an agreement with the president of the board, at a time when the board was not in session, he did, or caused to be done, repair work on one of the roads in the county, to the amount of $249.75, and that, having accepted the work, defendant impliedly promised to pay for same. No official action of the board is shown, other than its rejection of the claim of plaintiff for the work claimed to have been done. It is a fact in the record, interesting to note, that the amount claimed happens to be just 25 cents less than the amount named in section 11 of the act supra, and had it been 25 cents more plaintiff would have been precluded under section 11. For, while it is decided (Montgomery County v. Pruett, 175 Ala. 391, 57 South. 823), "general assumpsit lies against a county within the range of its contractual powers, just as it does against an individual," section 11 of the act supra would by its terms place the claim sued on beyond the contractual powers of the county. The amount involved in this suit, however, being in excess of $50, and section 8 of the act supra providing for a bond from plaintiff in an amount equal to that claimed before entering upon the contract or before receiving any pay therefor, it would seem, bars a recovery in this case, it not appearing that such bond was ever tendered or approved as required by statute.

[2, 3] Again courts of county commissioners act as a board, and not as individuals. A public body, consisting of several individuals authorized or empowered to perform acts of a public nature, and to which public duties are intrusted, should perform such duties as a board, and to do so it is imperative that 'they should meet in conformity with the requirements of law. Board of Education of Escambia County v. Watts (Ala. App.) 95 South. 499;[1] Ryan v. Humphries, 50 Okl. 343, 150 Pac. 1106, L. R. A. 1915F, 1047; City of Mobile v. Mobile Elec. Co., 203 Ala. 574, 84 South. 816. Not only must they meet, but some action must be officially taken either in making a binding contract or in doing or omitting to do some act that will be taken as an implied contract. As was said by this court in Bd. of Ed., etc., v. Watts, supra, "an implied contract can never arise unless the party sought to be charged is legally authorized to contract," and the only manner in which a board of commissioners is legally authorized to contract is by official action, which must be shown by its records. Mobile County v. Maddox, 195 Ala. 336, 70 South. 259. No evidence appears in this record of any official action by the board of commissioners which authorized the contract sought to be enforced or impliedly agreed to pay for the services after the work was done.

In view of the above, the other assignments of error become immaterial.

There is no error in the record. Let the judgment be affirmed.

Affirmed.