(117 So. 163)

### GREESON MFG. CO. v. COUNTY BOARD OF EDUCATION. (5 Div. 995.)

Supreme Court of Alabama. May 24, 1928.

1. **Schools and school districts ⬉48(6)—County board of education is quasi corporation and independent agent of state for purposes enumerated in statute (School Code 1927, § 132.)**

County board of education is a quasi corporation and an independent agency of state for purposes enumerated in School Code 1927, § 132, authorizing it to sue and contract.

2. **Schools and school districts ⬉80(1)—Recovery can be had for material furnished at request of county board and accepted and used, though there was no resolution authorizing contract.**

Where material for use in construction of school building was furnished at request of county board and accepted and used for legitimate purposes entirely within scope of county board's authority, recovery can be had therefor notwithstanding failure of board to adopt a resolution authorizing contract; the duty to reimburse materialman arising not by virtue of contract but from general obligation to do justice.

Appeal from Circuit Court, Elmore County; George F. Smoot, Judge.

Action by the Greeson Manufacturing Company against the County Board of Education of Elmore County. Judgment of nonsuit, and plaintiff appeals. Reversed and remanded.

Tate & Reneau, of Wetumpka, for appellant.

The county board had the legal right to buy lumber and material and to contract for the erection of school buildings. Having the power to contract, the mere fact that the board failed to enter a resolution on its minutes cannot avail to defeat the claim for material furnished, which was accepted and used, and the board was subject to suit on the common counts. School Code 1924, §§ 105, 124; Allen

v. Intendant, etc., 89 Ala. 641, 8 So. 30, 9 L. R. A. 497; Board of Ed. v. Watts, 19 Ala. App. 7, 95 So. 498; Gen. Elec. Co. v. Ft. Deposit, 174 Ala. 179, 56 So. 802; Clanton v. Chilton County, 205 Ala. 103, 87 So. 345; Demopolis v. Marengo Co., 195 Ala. 214, 70 So. 275; Mobile County v. Williams, 180 Ala. 639, 61 So. 963.

Holley & Milner, of Wetumpka, for appellee.

The board is limited in the manner in which its contracts can be made. The mode furnished by statute is exclusive. School Code 1924, § 106; Board of Ed. v. Watts, 19 Ala. App. 7, 95 So. 498; Ala. City R. Co. v. Gadsden, 185 Ala. 263, 64 So. 91, Ann. Cas. 1916C, 573; McKee v. Chilton County, 19 Ala. App. 392, 97 So. 610. Mobile County v. Maddox, 195 Ala. 336, 70 So. 259. It was the duty of plaintiff to see that the substantive rules of law were complied with in the making of the contract. Mobile v. Mobile Elec. Co., 203 Ala. 574, 84 So. 816.

GARDNER, J. The Greeson Manufacturing Company sold to the county board of education of Elmore county certain building material to be used in the construction of a school building at Kent in said county, known as the Providence school building. The material was furnished at the request of the county superintendent of education to said board of education, and was used in the construction of the Providence school building. A portion of the bill for the material was paid from time to time by the county board in checks, but there remains a balance due of $1,230.40, which the board declines to pay, and for recovery of which this suit is brought. From adverse rulings on the evidence, plaintiff suffered a nonsuit, and prosecutes this appeal for a review thereof.

Plaintiff, in the prosecution of his cause, offered to show that he appeared before the county board while in session at Wetumpka with a bill for the material, duly approved by the local building committee, attested by the signature of the chairman of said committee, which was then presented by him to said county board in session, that the chairman of the board, in the presence of the membership of the board, stated that "the county board would guarantee the payment, that it had the money in the bank with which to pay it, and that he then asked the board for a requisition," to which the chairman responded they had no requisition form, but that the board guaranteed the payment of the bill, whereupon plaintiff stated he would ship the material. Defendant's objection to this evidence was sustained, as we understand from brief of counsel, upon the theory there did not appear the matter of this contract was embraced in any resolution spread upon the minutes of the board. The argument in support of the

trial court is based largely upon the provisions of section 106 of the School Code of 1924 (School Code 1927, § 132), referring to the authority of the county school board, as follows:

"It may sue and contract, all contracts to be made after resolutions have been adopted by the board, and spread upon its minutes."

Counsel for appellee cite also Ala. City Ry. Co. v. Gadsden, 185 Ala. 263, 64 So. 91, Ann. Cas. 1916C, 573; McKee v. Chilton County, 19 Ala. App. 392, 97 So. 610; Mobile County v. Maddox, 195 Ala. 336, 70 So. 259; Board of Education v. Watts, 19 Ala. App. 7, 95 So. 498; and City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816. We have examined these authorities with care, but are persuaded they are not applicable to the case here presented. Were this suit upon the contract, the above-quoted statutory provision and the foregoing decisions would embarrass, if not destroy, plaintiff's right of recovery.

[1, 2] The suit, however, is not on the contract, but on common counts for material furnished, with the proof that the material was accepted and used by the county board, and that the sum verbally agreed upon represented a fair, reasonable market price therefor. The county board is a quasi corporation, an independent agency of the state for the purposes enumerated in the statute, and that such board had the power and authority to contract for the construction of the Providence school building is not here controverted; likewise, that it may sue and be sued. Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774. The material was therefore purchased by the county board acting within the line and scope of its authority and duty, and actually used by it for a perfectly legitimate purpose.

Plaintiff's right of recovery does not rest upon the contract, but from the general obligation to do justice and upon a promise implied by law, growing out of the use of the material by the board for legitimate, authorized purposes. This question was fully and ably discussed by this court in Allen v. Int. of La Fayette, 89 Ala. 641, 8 So. 30, 9 L. R. A. 497. In that case the town had borrowed money and issued warrants for a repayment thereof, but without authority of law. The funds had been used, however, for the lawful and duly authorized purpose of purchasing a schoolhouse. Speaking to this situation, and as pertinent to the question here presented, the court said:

"The warrants in the hands of Mrs. Frederick are as if they were not, and had never been. Neither the municipality of La Fayette, nor any of its officers or agents, is under any obligation, legal, equitable, or moral, to pay those warrants, or to fulfil the contract out of which they sprung. But, back of that contract, and back of those warrants, there is, on the facts

presented by the bill, and accentuated by the answers, not only a moral, but a legal liability resting on the municipality of La Fayette, and on its officers, to repay the money which came from Mrs. Frederick, and has been used by the corporation for authorized corporate purposes. In other words, the town of La Fayette is liable, as upon an implied assumpsit, not under, but wholly apart from the unauthorized contract, and not for the amount its officers borrowed from Mrs. Frederick, but for the amount of her money which they received and applied to the purchase of a house, which the charter authorized them to buy, and the town to hold, which was reasonably necessary to the exercise and performance of expressly granted and imposed functions and duties, and which the use of her funds had enabled the corporation to acquire and devote to its legitimate purposes."

The opinion also quotes with approval the following from the California court (Argenti v. City of San Francisco, 16 Cal. 255):

"The doctrine of implied municipal liability applies to cases where money or property of a party is received under such circumstances that the general law, independent of express contract, imposes the obligation upon the city to do justice with respect to the same. If the city obtain money of another by mistake, or without authority of law, it is her duty to refund it—not from any contract entered into by her on the subject, but from the general obligation to do justice, which binds all persons, whether natural or artificial. If the city obtain other property which does not belong to her, it is her duty to restore it, or, if used by her, to render an equivalent to the true owner, from the like general obligation; the law, which always intends justice, implies a promise."

This principle of law was again considered by this court in General Electric Co. v. Fort Deposit, 174 Ala. 179, 56 So. 802, where the doctrine of the Allen Case, supra, is reaffirmed and numerous authorities are cited and distinguished, and pointing out the distinction between void contracts and illegal ones in the application of this principle:

"Where an agreement violates a statute with respect *only* to the mere mode of its performance, the contract, its substance not being *prohibited by law*, is not unlawful—is not illegal. * * * Consistent with these principles, it is evident that, while the agreement of sale and purchase of the articles in question was and is invalid, it was not *illegal*, as was the case in the Town of Cottonwood v. Austin, 158 Ala. 117, 48 So. 345. The appellant was not concerned in the violation of any positive law in engaging as it did. It, therefore, may, if otherwise so entitled, recover its property so delivered, *not under the contract*, but according to the principle of primary justice to which reference has been made."

The principle was again recognized in Town of Clanton v. Chilton County, 205 Ala. 103, 87 So. 345, where reference is made to City of Mobile v. Mobile Electric Co., supra, and to section 1183 of the Code (1907), there enforced, the court, in this connection, saying:

"Section 1183 of the Code itself does not conclude against the raising up of an implied promise on the part of a municipality in a proper case to satisfy obligations that in equity and good conscience it should discharge (see Allen v. Intendant, etc., 89 Ala. 641, 647, 8 So. 30, 9 L. R. A. 497); the whole design and effect of the statute being to define the mode of execution of express contracts by municipalities within its contemplation. It was not intended to affirm anything to the contrary in City of Mobile v. Mobile Electric Co., supra."

In the instant case the invalidity of the contract rests upon the omission of statutory requirement as to the manner of its execution, and preventing recovery thereon. The material was furnished, accepted, and used, however, for legitimate purposes entirely within the scope of the county board's authority, and it therefore becomes its duty to reimburse plaintiff therefor, not by virtue of the contract, but from "the general obligation to do justice, which binds all persons, whether natural or artificial."

The proof offered by plaintiff should have been admitted, and the court committed error in its rejection.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.