(131 So. 444)

## LANGIS v. BYRNE et al.
### I Div. 604.

Supreme Court of Alabama.
Dec. 18, 1930.

B. F. McMillan, Jr., of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellees.

184

GARDNER, J.

"Hard labor for the county shall be under the superintendence and control of the court of county commissioners, or board of revenue, who shall determine in what manner and on what particular works the labor shall be performed, and all convicts sentenced to hard labor for the county shall be under the direction and control of the court of county commissioners, or board of revenue, when worked or hired in the county where convicted, but otherwise they are to be under the superintendence and control of the board of administration." Section 3676, Code 1923.

"The court of county commissioners, board of revenue, or city council, shall provide adequate janitor service for, and shall enforce cleanliness in their respective jails." Section 4866, Code 1923. Under the provisions of section 4868, Code 1923, the sheriff is required to keep his jail in a cleanly and sanitary condition.

Nothing to the contrary appearing, and construing the complaint most strongly against the pleader on demurrer, it will be presumed that the convict Lyles, whose alleged negligent conduct in driving the motor vehicle caused the death of plaintiff's intestate, was at work at the jail under the order, direction, and control of the court of county commissioners or board of revenue. There was, under neither count of the complaint, a relation of master and servant existing between Lyles, the convict, and defendant Byrne, the sheriff. Under the rule of construction of the pleading, as above indicated, the convict was merely at work under the mandate of the law while in the custody or charge of a public officer, the sheriff of the county. We think it clear that, under the averments of the complaint, the doctrine of respondeat superior finds no support for its application. 39 Corpus Juris, pp. 1268, 1269; Buckalew v. Tenn. Coal, Iron & R. Co., 112 Ala. 146, 20 So. 606; Powers v. Williamson, 189 Ala. 600, 66 So. 585.

The cases of Sloss-Sheffield Steel & Iron Co. v. Weir, 179 Ala. 227, 60 So. 851; Buckalew v. Tenn. Coal, Iron & R. Co., supra, noted also in Harris v. Henderson Land & Lumber Co., 203 Ala. 631, 84 So. 802, are not analogous to that here presented, and the holding in these authorities in no wise conflicts with the conclusion here reached.

■ Viewed most favorably to plaintiff, Lyle, the convict, may be held to have been assisting the sheriff as an officer of the county with the consent of the commissioners' court or board of revenue in the discharge of his statutory duty to keep the jail in a cleanly condition. So considered, he would be designated as a subordinate assistant to a public official. No statute places liability upon the sheriff for any misfeasance of such an assistant, and it is the general rule of law, in the absence of such a statute, that neither the officer or his bondsmen is liable for defaults and misfeasances of such subordinates, in the absence of negligence in their appointments or in failure to properly supervise their acts. 46 Corpus Juris, p. 1045; Robertson v. Sichel, 127 U. S. 507, 8 S. Ct. 1286, 32 L. Ed. 203.

This rule was recognized and given application by this court in State v. Kolb, 201 Ala. 439, 78 So. 817, 1 A. L. R. 218.

Considered from this viewpoint, therefore, no liability is shown.

This action is under the homicide statute, and the case of Hain v. Gaddy, 219 Ala. 363, 122 So. 329, would be conclusive against liability as to the surety, but, as the foregoing observations dispose of the case as to both defendants, further discussion as to the surety only may be pretermitted.

The demurrer was properly sustained, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.