154 So. 796

# WORTHINGTON v. CITY BOARD OF EDUCATION OF BIRMINGHAM.

### 6 Div. 510.

Supreme Court of Alabama.

May 17, 1934.

Rehearing Denied May 31, 1934.

Chester Austin, of Birmingham, for appellant.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellee.

BROWN, Justice.

On April 1, 1932, appellant obtained a judgment in the municipal court of Birmingham against Finley, Fowlkes, and Lindsay, on a promissory note with waiver of exemptions. On September 26, 1932, appellant sued out a writ of garnishment on said judgment against the city board of education of Birmingham. The garnishee filed a written answer, admitting that it was indebted to the defendants, incorporating in its answer the following: "The said garnishee does not assent to the rendition of a judgment against it for the amount due to the said defendants, but on the contrary objects to any judgment being rendered against it in this cause."

Disregarding this objection, the municipal court entered a judgment against said garnishee, condemning the indebtedness to the satisfaction of the plaintiff's judgment.

Thereupon the garnishee applied to the circuit court for the issuance of a common-law writ of certiorari, alleging in its petition "that said judgment was erroneous, unjust and unwarranted and void in this, that said court was without authority of law to render final judgment against said City Board of Education, as garnishee, and petitioner did not take an appeal from said judgment within the time prescribed by law, because said judgment rendered against said garnishee was without authority of law, and because said City Board of Education is a State agency, and in its answer expressly objected to any judgment being rendered against it in this cause."

The writ was issued, and return filed in response thereto, and, on the hearing, the circuit court entered a judgment reversing and quashing the judgment against the garnishee; hence this appeal.

The contention of the garnishee is that it is a state agency and the municipal court was without jurisdiction to render a judgment against it without its consent. To support this contention it relies on the provisions of section 8092 of the Code of 1923 (Acts of 1923, p. 575, § 2) and Shepherd v. Jones (Board of Revenue of Tuscaloosa County, Garnishee), ante, p. 307, 153 So. 223.

The statute only requires consent of the party answering with authority, when the answer admits "that the said State of Alabama is due, or will be due, the defendant in said garnishment proceedings, money for salary, and has said money ready for payment." Section 8092, Code.

The case of Shepherd v. Jones (Board of Revenue of Tuscaloosa County, Garnishee), supra, holds nothing more than that (1) the salary of public officers cannot be garnished in the absence of a statute authorizing the garnishment thereof; (2) that statutes (Code 1923, §§ 8088, 8089, 8091, and 8092) which are in derogation of the common law will be strictly construed; and (3) that the consent of the county board of revenue, where the answer admitted an indebtedness, was not essential to the authority and jurisdiction of the court to render a judgment against said garnishee on its answer.

The judgment here is that the city board of education of Birmingham is not within the protection of section 8092 of the Code, and that it is such an agency as may be proceeded against without its consent. Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163; Id. (second appeal), 221 Ala. 483, 129 So. 42; Martin v. Holtville High School Bldg., 226 Ala. 45, 145 So. 491.

It appears from the face of the return to the writ of certiorari that the municipal court had jurisdiction of the parties and the subject-matter of the proceedings, and that it proceeded according to law. The judgment of the circuit court is therefore reversed, and the petition for certiorari is dismissed. Ex parte Slaughter, State Fire Marshal, 217 Ala. 515, 116 So. 684; Nashville, C. & St. L. Ry. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.