161 So. 107

### DAVES et al. v. RAIN.
### I Div. 147.

Court of Appeals of Alabama.
Feb. 19, 1935.

Rehearing Denied April 2, 1935.

Inge, Stallworth & Inge, of Mobile, for appellant.

Pillans, Cowley & Gresham, of Mobile, for appellee.

SAMFORD, Judge.

This action was begun in the inferior civil court of Mobile by affidavit alleging: "James F. Daves and John W. Daves, doing business as Industrial Finance Company hath obtained judgment against B. A. Lyons for $79.-50 Dollars besides cost of suit, before the Inferior Civil Court of Mobile, and that B. C. Rain, Secretary and Treasurer Board of School Commissioners, Mobile County, Alabama is supposed to be indebted to or have effects of the said B. A. Lyons in his possession, or under his control, and that he believes process of Garnishment is necessary against the said B. A. Lyons to obtain a satisfaction of this judgment." Summons was issued and served on board of school commissioners by service of B. C. Rain, as secretary and treasurer. Rain makes answer denying any indebtedness for salary, but admitting an indebtedness by the board to the defendant in execution in the sum of $300; but, in closing, his answer is the following: "The garnishee does not assent to said garnishment but expressly dissents thereto."

In the inferior civil court of Mobile, judgment was entered against the garnishee. This judgment was appealed to the circuit court of Mobile, where the cause was heard de novo, and on objection and motion of garnishee the court refused to proceed with the case and entered a judgment discharging the garnishee.

The questions involved are raised in various ways, but we think the above statement is sufficient to make clear the rulings of this court on the questions presented.

The proceedings were begun, technically speaking, against Rain as an individual. Briel v. Exchange National Bank, 172 Ala. 475, 55 So. 808. But the answer to the writ is that of the board of school commissioners, and the cause progressed upon the assumption that the board of school commissioners and not Rain was the real party, and, no point being here made of the irregularity in that respect, we shall proceed to decide the appeal on its merits.

It seems clear to us that, under the decisions construing section 8092 of the Code of 1923, the board of school commissioners of Mobile county is not such agency of the state as to exempt it from garnishment under and by authority of section 8088 of the Code. The protection from garnishment given by section 8092, supra, extends only to the state and its immediate officers and governmental agencies. Many reasons might be given for this conclusion, but we are convinced that the question is fully answered in the following cases: Shepherd v. Jones, etc., 228 Ala. 307, 153 So. 223; Worthington v. City Board of Education, 228 Ala. 660, 154 So. 796.

Being subject to the garnishment and not being exempt under the statute, by reason of its dissent, appellee should have been required to answer orally on the proper motion of plaintiff.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.