Petitioner insists that the opinion of the Court of Appeals answers its argument against liability as garnishee only in part — that relating to the statute (section 8092, Code 1923), which is not here questioned, under the cited authority of Shepherd v. Jones, 228 Ala. 307, 153 So. 223.
But it is argued that petitioner comes within the protection of section 14 of the Constitution of 1901, which reads: "That the State of Alabama shall never be made a defendant *Page 305 
in any court of law or equity." While the board of school commissioners of Mobile County was established by local legislation in 1826, yet we think it quite clear, and not seriously controverted here, that in fact no distinction in principle exists between said board and other boards of education established under the School Code. And the Act of February 15, 1876 (Laws 1875-76, pp. 363, 365), expressly declares such board "may sue and be sued." Our decisions are to the effect that both the city and county boards of education are such agencies as may be subject to suit. Worthington v. City Board of Education, 228 Ala. 660, 154 So. 796; Martin v. Holtville High School Bldg., 226 Ala. 45, 145 So. 491; Greeson v. County Board of Education, 221 Ala. 483, 129 So. 42; Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565,117 So. 163; Kimmons v. Jefferson County Board of Education, 204 Ala. 384,85 So. 774.
In Turk v. Board of Education, 222 Ala. 177, 131 So. 436, the correctness of these decisions was fully recognized, but the holding was that upon the broad principle of public policy such agencies were immune from liability for torts of its servants or agents — the same principle that exempts municipalities and other such corporations from like liability in the performance of public or governmental functions.
True, these authorities made no reference to section 14 of our Constitution, but merely rested upon the assumption that nothing in the Constitution stood in the way. But the opinion in Shepherd v. Jones, supra, gives indication this constitutional provision was in the mind of the court, as express reference is made thereto, with the notation that in passing the statute the lawmakers had the Constitution in view.
It is therefore concluded that the word "State" as employed in the statute was intended for the protection of "immediate and strict governmental agencies of the State, as its State Board of Administration, State Docks Commission, Alabama Polytechnic Institute, the University of Alabama, the State Insane Hospital, and other mere governmental agencies," citing some of the authorities upon which petitioner relies.
Though not discussed in the opinions, the result of the holdings has been that county and city boards of education are not such immediate and strict governmental agencies of the state as to come within the protection of section 14 of our Constitution.
The holding of the Court of Appeals is correct, and the writ will accordingly be here denied.
Writ denied.
ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.