178 So. 59

**DAVES et al. v. RAIN.**

**1 Div. 250.**

Court of Appeals of Alabama.
June 29, 1937.

Rehearing Denied Oct. 5, 1937.

Affirmed on Mandate Jan. 11, 1938.

Francis H. Inge and Inge, Stallworth & Inge, all of Mobile, for appellants.

Pillans, Cawley & Gresham, of Mobile, for appellee.

SAMFORD, Judge.

This is the second appeal in this case. The opinion on the former appeal will be found in Daves et al. v. Rain, 26 Ala.App. 380, 161 So. 107, certiorari denied Ex parte Board of School Commissioners of Mobile County, Ala., 230 Ala. 304, 161 So. 108.

On that appeal the question was whether or not the board of school commissioners of Mobile county could be made to answer as garnishee under section 8088 of the Code of 1923. In that appeal all of the questions incident to the litigation were settled except the one question presented on this appeal, which is: What was the relation between the board of school commissioners of Mobile county and B. A. Lyons, the defendant in the original suit; i. e., was Lyons an independent contractor or an employee under a contract entered into by and between the parties set out in the bill of exceptions? That being the sole controversy now being litigated and brought to this court for review.

The present action was not brought under the "Employer's Liability Act," and, therefore, the question as to who did, or did not, constitute an employee under that act may not now be a material factor; for the reason, that the "Employer's Liability Act" defines both an employee and an employer. Section 7596 of the Code of 1923 defines very minutely what is an employer and what is an employee, and our Supreme Court in Sloss-Sheffield Steel & Iron Company v. Crim, 219 Ala. 148, 121 So. 408 and in Ex parte W. T. Smith Lumber Company, 206 Ala. 485, 90 So. 807, have recognized the statutory definition as applying to contracts under the "Employer's Liability Act," but those definitions have never been extended beyond cases of that character.

In a construction of the contract in the instant case, therefore, we must be governed by the rules of the common law in a determination of whether the contract in this case creates the relation of an independent contractor or that of master and servant.

"Generally speaking, the term 'independent contractor' signifies one, who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work." 31 Corpus Juris, 473, note 25. In Martin v. Republic Steel Co., 226 Ala. 209–211, 146 So. 276, Mr. Justice Knight stated the foregoing rule with approval, citing many authorities to sustain that holding, and then proceeds to differentiate the rule of the common law from that of the statutory rule set up by the Legislature in its definition of an employer and an employee. Of course, wherever the Legislature has given a definition, that definition must prevail over the common law, and becomes the law in cases governed by the statute in which such rule controls. But, as to other cases not coming within the purview of the "Employer's Liability Act" the common law still obtains and the rule is as stated hereinabove and reaffirmed in the Martin Case, supra.

In the contract of employment is found the following clause: "To forestall the possible drawing of erroneous inferences from this Article of the contract, it is hereby expressly agreed and declared that it is the understanding of the parties hereto, that the Contractor, in the performance of this contract, is not an agent or servant or employee of the Board, but is an independent contractor for whose acts no liability could rest on the Board, even if the Board could be held liable like a private corporation. And the Board hereby declares again, that it is an arm of the State and is not subject to suit or other adversary effort to enforce asserted liability."

The fact that the parties have designated the employee under the contract as an independent contractor, does not, of itself, determine the character of the relationship. As was declared in Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403–405, 161 So. 536, 537: "That question is controlled by the circumstances without an expression in the contract. But all the circumstances should be considered, even when the contract makes clear provision for an absence of such control, to ascertain if its stipulations are merely colorable to enable the master to evade liability to a servant under this law."

The relationship of the parties as to whether Lyons was an independent contractor or, an employee of the board, is to

be gathered from the entire contract, and if it appears from such consideration that Lyons is an employee, it must be so declared, although there is a definite expression in the contract that he is an independent contractor.

It is pointed out in brief of appellee that in rendering service under the contract Lyons agreed and did furnish the chassis and motor for the school bus used in the transportation of the children, and that he also furnished the gas and oil. But this is not a determining factor in construing the contract. The fact that the servant makes use of his own property in performing the service for the master does not prevent the relationship of that being master and servant. 39 Corpus Juris, 37 (7) e. This principal was so recognized in the case of Tuscaloosa Veneer Co. et al. v. Martin, 233 Ala. 567, 172 So. 608.

It is the general rule of the common law that the relationship of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done. Inasmuch as the right to control involves the power to discharge, the existence of the power to discharge is essential, and is an indicium of relationship. The above is paraphrased from the text of 39 Corpus Juris, 35 (4) c, where many cases from this and other jurisdictions are collated under note 23. One of which is the case of the Ala. Fuel Co., etc., v. Smith, 203 Ala. 70, 82 So. 30, which supports the foregoing statement of the rule.

After a careful consideration of this contract, and applying the rules relative to this class of cases, we have reached the conclusion that the contract was one of employment and creates the relationship of master and servant.

It therefore follows that the court erred to a reversal in its rulings contrary to the above, and for that error the judgment is reversed and the cause is remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Ex parte Board of School Commissioners, 235 Ala. 82, 178 So. 63.