[Civil No. 2407.  Filed March 1, 1926.]

[243 Pac. 609.]

## SCHOOL DISTRICT No. 48 OF MARICOPA COUNTY, Appellant, v. EDUARDO RIVERA, Appellee.

1. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL DISTRICTS ARE NOT LIABLE FOR NEGLIGENCE OF THEIR OFFICERS, AGENTS OR EMPLOYEES, UNLESS SUCH LIABILITY IS IMPOSED BY STATUTE.—School districts, being agencies of state, are not liable for torts or negligence of their officers, agents or employees, unless such liability is imposed by statute either in expressed terms or by implication.

2. SCHOOLS AND SCHOOL DISTRICTS—COMPLAINT ALLEGING THAT TRUSTEES OF SCHOOL DISTRICT TOOK POSSESSION OF PLAINTIFF'S HOUSE AND ESTABLISHED SCHOOL THEREIN WITHOUT PLAINTIFF'S KNOWLEDGE OR CONSENT, AND THAT HOUSE WAS THROUGH NEGLIGENCE OF JANITOR DESTROYED BY FIRE, HELD TO SHOW NO LIABILITY IN SCHOOL DISTRICT.—Complaint alleging that trustees of school district took possession of plaintiff's house and established school therein without plaintiff's knowledge or consent, and that school was through negligence of janitor destroyed by fire, *held* to show liability, if any, in trustees individually, and not in school district.

---

See (1) 35 Cyc., p. 971, n. 75, 78, 80.  (2) 35 Cyc., p. 972, n. 84.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  Dudley W. Windes, Judge.  Judgment reversed, with instructions.

---

1.  Liability of school district or school corporation for tort, see notes in 37 L. R. A. 301; 49 L. R. A. (N. S.), 1026.  See, also, 24 R. C. L. 604.

30 Ariz.—1                (1)

Mr. Arthur T. La Prade, County Attorney, Mr. Gene S. Cunningham, Assistant County Attorney, and Mr. C. M. Gandy, for Appellant.

Mr. V. L. Hash, for Appellee.

LOCKWOOD, J.—Eduardo Rivera, hereinafter called plaintiff, brought suit against school district No. 48 of Maricopa county, and V. C. White, Walter Dunn and J. R. Steward, as trustees of said district, and also in their individual capacity, to recover damages for the destruction of a building belonging to plaintiff which was burned while used and occupied by the district. The complaint alleged, in substance, that plaintiff was the owner of certain lots in Scottsdale, Maricopa county, with a large wooden house thereon; that about February 6, 1924, the trustees took possession of the house and established a public school therein without the knowledge or consent of plaintiff; that they placed a stove in the house, cutting a hole through the wall for the stovepipe, and later, through the negligence of the janitor employed by the district in caring for the stove, the house was set on fire and destroyed. The damages set up were $950, part for rental and part for the value of the building.

The defendants entered a general demurrer and denial, and then set up as a special defense that the year before they had rented the building from the owner for school purposes; that in January, 1924, they again sought to rent it, but, learning that plaintiff was in California, and that the premises had been leased to one Serna, they subleased it from the latter, and were occupying it when the fire occurred. The demurrer was overruled as to the district and the trustees in their individual capacity, but sustained as to the trustees officially. The case went to trial

before a jury, and at the close of plaintiff's case the court sustained a motion for a directed verdict in favor of the trustees individually, and a verdict was rendered against the school district in the sum of $900. Judgment was duly entered upon the verdict, and, upon the motion for new trial being denied, this appeal was prosecuted by the district.

There are some eight assignments of error; the first being that the complaint does not state a cause of action against the school district. This is based on the theory that a school district, under the laws of Arizona, cannot be sued except when such suit is impliedly or expressly authorized by statute, and admittedly there is no act allowing it where the trustees or their employees have committed a tort.

In the case of *State* v. *Sharp*, 21 Ariz. 424, 189 Pac. 631, we said:

"The question is whether the state is liable to respond in damages for the negligent acts of its agents, servants or employees. As to this question it is well settled by the great weight of authority that the state, in consequence of its sovereignty, is immune from prosecution in the courts and from liability to respond in damages for negligence, except in those cases where it has expressly waived immunity or assumed liability by constitutional or legislative enactment, . . . "

—and this doctrine was reaffirmed in *State* v. *Dart,* 23 Ariz. 145, 202 Pac. 237, and *Jones* v. *City of Phoenix,* 29 Ariz. 181, 239 Pac. 1030.

A school district, under our system of government, is merely an agency of the state. As is said in *Freel* v. *Crawfordsville,* 142 Ind. 27, 37 L. R. A. 301, 41 N. E. 312:

"They are involuntary corporations, organized not for the purpose of profit or gain but solely for the public benefit, and have only such limited powers as were deemed necessary for that purpose. Such cor-

porations are but the agents of the state, for the sole purpose of administering the state system of public education. . . . In performing the duties required of them they exercise merely a public function and agency for the public good for which they receive no private or corporate benefit. School corporations, therefore, are governed by the same law in respect to their liability to individuals for the negligence of their officers or agents as are counties and townships. It is well established that where subdivisions of the state are organized solely for a public purpose, by a general law, no action lies against them for an injury received by a person on account of the negligence of the officers of such subdivision, unless a right of action is expressly given by statute. Such subdivisions then, as counties, townships, and school corporations, are instrumentalities of government, and exercise authority given by the state, and are no more liable for the acts or omissions of their officers than the state.'' *Anderson* v. *Board of Education* (N. D.), 190 N. W. 807; *Board of Education* v. *Volk,* 72 Ohio St. 469, 74 N. E. 646; *McClure Bros.* v. *School Dist. of Tipton,* 79 Mo. App. 80.

Such being true, the overwhelming weight of authority naturally is to the effect that school districts are not liable for the negligence of their officers, agents or employees, unless such liability is imposed by statute either in express terms or by implication. *Howard* v. *Tacoma School Dist.,* 88 Wash. 167, Ann. Cas. 1917D 792, 152 Pac. 1004; *Wiest* v. *School Dist.,* 68 Or. 474, 49 L. R. A. (N. S.) 1026, 137 Pac. 749; *Hill* v. *City of Boston,* 122 Mass. 344, 23 Am. Rep. 332; *Wixon* v. *Newport,* 13 R. I. 454, 43 Am. Rep. 35.

New York is practically the only exception to the general rule. Counsel for appellee does not seriously question this, but contends there is a difference between acts of mere negligence on the part of the district or its officers and employees, and acts of active misconduct in the nature of trespass, which invade

the premises of another to his injury, and cites in support of this doctrine *Ferris* v. *Board of Education,* 122 Mich. 315, 81 N. W. 98; *Daniels* v. *Board of Education,* 191 Mich. 339, L. R. A. 1916F 468, 158 N. W. 23.

There is no question that the two cases cited uphold the position of plaintiff. Are they, however, sound in logic? We think the court in the Ferris case was led astray by overlooking the distinction between the ordinary municipal corporation and a school district. The opinion reads in part as follows:

"The trial court was of the opinion that the defendant, being a municipal corporation, could not be held liable for negligent injuries under the common law, and, there being no liability created by statute, the plaintiff could not recover. It is conceded by counsel for plaintiff that municipal corporations are not generally held liable, under the common law, for negligent injuries to individuals arising from defective plans of construction of public works or failure to keep the same in repair; but it is contended that, where the injury is the result of the direct act or trespass of the municipality, it is liable, no matter whether acting in a public or private capacity. We are satisfied that counsel for plaintiff are right in this contention. . . . It has been many times held in this court that a city has no more right to invade, or cause the invasion of, private property than an individual. . . . "

In the Daniels case, which follows the Ferris case, the court again shows clearly in its opinion that it is reasoning from the law of municipal corporations.

That there is a difference between the ordinary school district and a municipal corporation, and that the former is purely a state agency as the latter is not, cannot be doubted. We see no distinction in principle between the liability of the district for the acts of its officers in one class of torts as against

another. As was said in *Board of Education* v. *Volk, supra:*

"The board is not authorized to commit a tort—to be careless or negligent—and, when it commits a wrong or tort, it does not in that respect represent the district, and for its negligence or tort in any form the board cannot make the district liable."

And, as stated in *Wiest* v. *School District, supra:*

"We do not believe that it was the intent or is the policy of our law to take the fund intended for the education of the young and apply it to payment for any malicious act of its officers. . . . "

See, also, *School Dist.* v. *Williams,* 38 Ark. 454; *Granger* v. *Pulaski Co.,* 26 Ark. 37.

Therefore, if the trustees of the school district committed a trespass, since the statute neither directly nor impliedly authorizes such action on their part, the act was an individual one, and the liability, if any, is theirs, and not that of the district.

For the foregoing reasons the judgment is reversed and the cause remanded to the superior court of Maricopa county, with instructions to sustain the general demurrer of the appellant, and for such further proceedings as may be proper and not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.