337 So.2d 1310 (1976)
James M. SIMS
v.
ETOWAH COUNTY BOARD OF EDUCATION et al.
Judy F. SIMS
v.
ETOWAH COUNTY BOARD OF EDUCATION et al.
SC 1837, 1837-A.
Supreme Court of Alabama.
October 1, 1976.
*1312 Thomas E. Davis, Gadsden, for appellants.
David B. Carnes, Gadsden, for appellees.
BEATTY, Justice.
Judy F. Sims and her husband, James M. Sims, filed actions against the Etowah County Board of Education to recover damages for personal injuries incurred by Ms. Sims when the viewing stand on which she was seated collapsed while she was attending a football game. The complaints contained negligence and contract counts. These alleged that Mr. and Ms. Sims had purchased tickets to observe the game being played at Hokes Bluff High School Stadium between Hokes Bluff High School, operated and controlled by the Etowah County Board of Education, and Glencoe High School.
The negligence counts alleged that the defendants "negligently maintained said football stands, or negligently allowed said football stands to fall into an unsafe condition, so that they were not safe for persons to sit on said stands . . ." followed by allegations of proximate consequential injury.
The amended contract count of Ms. Sims alleged:
"2. That the plaintiff and her husband did pay a sum of money to the defendants to purchase a ticket to witness said football game and the defendant did impliedly contract to furnish to the plaintiff a safe and proper place from which she could observe said football game.
"3. The defendants breached said contract. . . in that the football stands upon which she was seated were not fit and proper for use as football stands and collapsed during said football game, causing the plaintiff to suffer personal injury and damages."
Her husband's contract count contained almost verbatim recitals, and each alleged proximate consequential injuries. Ms. Sims demanded damages for injuries; Mr. Sims demanded damages for loss of consortium. The two actions were consolidated for trial.
The defendant filed motions to dismiss to each complaint which were granted, and from which this joint appeal followed.
In their briefs all parties agree that the basic legal question is whether the Etowah County Board of Education is immune from suit due to governmental immunity. We hold that it is not immune from suit for breach of contract and thus we reverse the decision of the trial court dismissing the complaints.
In its brief, appellee defends the dismissal of the contract counts by citing a statement contained in Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631, 632:
". . . We hold that the trial Court did not err in granting the motion to dismiss the contract counts since the duty alleged is imposed solely by law and its alleged breach is tortious only. . . ."
Appellee also classifies itself as an independent agency of the state, immune from suit while acting within the scope of its corporate powers.
In Lorence we held that the Legislature had exercised its prerogative by authorizing suit against a county hospital board. ("What is before us is the immunity question with respect to county hospital boards; and because the statute authorizing such corporate entity expressly provides for suits against them, . . ." 294 Ala. p. 618, 320 So.2d p. 634). Lorence and its companion case, Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975) (which abrogated municipal immunity from suit), both concerned liability in tort. The complaint in Jackson did not contain a breach of contract allegation, but Lorence sustained the trial court's dismissal of a contract count on the ground that the county's duty alleged therein was one implied by law and involved a tortious breach only. This aspect of the decision followed the holding in Green v. Hospital Building Authority of City of Bessemer, 294 Ala. 467, 318 So.2d 701 (1975), that the hospital-patient relationship *1313 would not give rise to a contract implied by law to impose a duty upon a hospital to use care in its patient treatment. Nothing in those cases sought to limit liability on the part of counties or county agencies for breaches of their contracts implied in fact. Indeed, in Hudson v. Coffee County, 294 Ala. 713, 321 So.2d 191 (1975) and Berry v. Druid City Hospital Board, 295 Ala.___, 333 So.2d 796 (1976), we clearly distinguished the contract implied by law (to which Lorence referred) from the contracts implied in fact (under which the recovery in Berry proceeded). Berry contains a quotation from Vines v. Crescent Transit Company, 264 Ala. 114, 119, 85 So.2d 436 (1955) which is applicable in the instant case:
"It will be observed that a negligent failure to perform a contract express or implied . . . is but a breach of the contract. But if in performing it, it is alleged that defendant negligently caused personal injury or property damage to plaintiff, the remedy is in tort, for it is not the breach of a contract express or implied, but the breach of an implied duty to exercise due care not to injure plaintiff . . . which is the gravamen of the action. . . ."
It will be noted that these contract counts alleged an implied contract to furnish a safe and proper place from which to observe the game and that the defendants breached that contract because the football stands upon which she was seated were not fit and proper for that use, and collapsed. This allegation appears to us to charge the breach of an implied agreement to furnish a proper place from which to safely observe the game, and thus falls within that class of implied undertakings referred to in Berry. Plaintiffs have stated a contract, albeit an implied one, and its breach sufficiently to comply with ARCP 8(a), 1 Lyons, Alabama Practice, § 8.3 (1973), and if the defendant is otherwise amenable to suit, the motion to dismiss was improperly granted.
By virtue of Alabama Code, Tit. 52, § 99:
"The county board of education . . . may sue and contract, all contracts to be made after resolutions have been adopted by the board and spread upon its minutes. . . ."
This right to sue carries with it the implied right to be sued, Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774 (1920), but only upon such matters as are within the scope of its corporate power. Morgan et al. v. Cherokee County Board of Education, 257 Ala. 201, 58 So.2d 134 (1952). Thus our cases recognize that a county board of education may be sued on its contracts. The restriction on contracts made by the board, i. e., that a resolution precede their making, obviously, applies to express or "special" contracts, not to "implied" contracts. When the parties state the terms of their contract it is an "express" contract. But when their agreement has not been expressed in words but from their conduct they have manifested mutual assent to its terms, it is an implied contract, implied from the factual circumstances. Adams v. Republic Steel Corp., 254 Ala. 620, 49 So.2d 214 (1950); Williston, Contracts § 3 (Rev.Ed.). It seems clear that under § 99 a board of education is authorized to enter into either type of contract; however, the restriction contained in § 99 requiring a resolution would appear to apply only to contracts of the first type, for any such resolution undoubtedly anticipates, at least to some extent, the express terms to be subsequently agreed upon by the board. It does not appear reasonable to expect that a board of education could anticipate by resolution its contracts which courts might later decide existed because of factual implication, but which, nevertheless, fall within the scope of the board's power. Cf. Board of Education of Escambia County v. Watts, 19 Ala.App. 7, 95 So. 498 (1922); Ex parte Watts, 209 Ala. 115, 95 So. 502 (1923).
It is a matter of common knowledge that physical education is an important aspect of the public school curriculum, and spectator participation is common. That it is within the scope of the corporate power of a county board of education to authorize *1314 athletic contests between schools under their management and others, and to contract, expressly or by implication, with members of the public who wish to view such contests, is clear.
The authorities in other jurisdictions are divided on the issue of liability to a spectator who has been injured during such a contest. Some have applied the "governmental function" doctrine and avoided local responsibility, e. g., Reed v. Rhea County, 189 Tenn. 247, 225 S.W.2d 49 (1949), while others have allowed recovery, especially when the event resembles a commercial sports exploitation, e. g., Hoffman v. Scranton School District, 67 Pa. Dist. & Co. 301, 41 Mun.L.R. 21.
In Alabama, however, a ticket to a place of public entertainment constitutes a contract between the proprietor and the purchaser of the ticket; whatever contractual duties grow out of that relation, it has been held, must be performed by the proprietor or he must respond in damages for breach of contract. Interstate Amusement Co. v. Martin, 8 Ala.App. 481, 62 So. 404 (1913). The contractual undertaking, arising out of this relation was succinctly stated by Justice Somerville in Birmingham Amusement Co. v. Norris, 216 Ala. 138, 141, 112 So. 633, 635 (1927), a case in which a theatre owner was held liable to a patron who was injured when her chair collapsed. He wrote:
". . . [w]here the proprietor invites people upon his premises, and receives compensation for the privilege of their entrance, or for their entertainment while there, he impliedly undertakes that the premises are reasonably safe for the purpose intended, and for which they are accordingly used by his patrons." (Emphasis supplied.)
This language followed a comparative discussion of authorities in other states, some basing liability on tort principles and others on contract principles. Justice Somerville's language, concurred in by all the justices, denotes the relationship as contractual by implication, and his view of the situation in that case may be applied with consistency to the facts here. For what we have here is a unilateral contract, with the promisor-board of education, as proprietor, upon receiving the admission price, promising admission by ticket and the performance of all other contractual duties arising from the circumstances, including the implied promise that the premises are reasonably safe for the purpose of viewing the athletic contest.
Having found that a county board of education has statutory authority to make a contractual undertaking with regard to the safety of premises it utilizes in conducting athletic contests which the public may view upon the payment of consideration, we must hold that the trial court erred in dismissing the contract counts.
The tort counts are another matter. However appealing it may be for reasons of fairness under contemporary conditions, we cannot interpret Lorence beyond the boundaries which this Court fixed for it, and which we have quoted. What Lorence decided was that the Legislature had provided that county hospital boards might be sued and the Court construed this to include suit in tort. The question of the county's general liability was not before this Court in Lorence, and that question is not before us in this action against the Etowah County Board of Education. Thus the nature and authority of a county board of education become material considerations insofar as its amenability to tort liability is concerned.
In contradistinction to the legislative will expressed in Alabama Code, Tit. 22, § 204(24) that county hospital boards might "sue and be sued," and this Court's decision in Lorence that this legislative language encompassed tort suits as well as contracts, no such language is used in the statute creating the powers of county boards of education:
"The county board of education shall have the right to acquire, purchase by the institution of condemnation proceedings if necessary, lease, receive, hold, transmit and convey the title to real and personal *1315 property for school purposes. It may sue and contract, all contracts to be made after resolutions have been adopted by the board and spread upon its minutes. All processes shall be executed by service on the executive officer of the board." (Emphasis supplied.) (Alabama Code, Tit. 52, § 99.)
It has been left to judicial decision, not to express legislative authorization, to determine the extent of liability to which such a governmental entity may be subject, and liability for tort claims has not been recognized.
Turk v. County Board of Education of Monroe County, 222 Ala. 177, 131 So. 436 (1930) is a case directly in point. The plaintiff, a minor, brought an action pro ami against the board of education to recover damages for injury caused him by the negligence of a school bus driver. This Court described the board as "a quasi corporation, an independent agency of the state for the purposes enumerated in the statute," and limited its liability for negligence with this language from School District v. Rivera, 30 Ariz. 1, 243 P. 609 (1926):
"`A school district, under our system of government, is merely an agency of the state. As is said in Freel v. Crawfordsville, 142 Ind. 27, 41 N.E. 312, 37 L.R.A. 301: "They are involuntary corporations, organized not for the purpose of profit or gain but solely for the public benefit, and have only such limited powers as were deemed necessary for that purpose. Such corporations are but the agents of the state, for the sole purpose of administering the state system of public education. * * * In performing the duties required of them they exercise merely a public function and agency for the public good for which they receive no private or corporate benefit. School corporations, therefore, are governed by the same law in respect to their liability to individuals for the negligence of their officers or agents as are counties and townships. It is well established that where subdivisions of the state are organized solely for a public purpose, by a general law, that no action lies against them for an injury received by a person on account of the negligence of the officers of such subdivision, unless a right of action is expressly given by statute. Such subdivisions then, as counties, townships, and school corporations, are instrumentalities of government, and exercise authority given by the state, and are no more liable for the acts or omissions of their officers than the state." Anderson v. Board of Education, 49 N.D. 181, 190 N.W. 807; Board of Education v. Volk, 72 Ohio St. 469, 74 N.E. 646 [18 Am.Neg.Rep. 581]; McClure Bros. v. School Dist., 79 Mo.App. 80.
"`Such being true, the overwhelming weight of authority naturally is to the effect that school districts are not liable for the negligence of their officers, agents or employees, unless such liability is imposed by statute either in express terms or by implication.'"
Negligence actions against county boards of education, therefore, are historically limited by the terms of statute. This is consistent with the Court's decision in Lorence whose premise of hospital board tort liability was statutory authorization. This limitation has been followed in a later case, Hawkins v. State Board of Adjustment, 242 Ala. 547, 7 So.2d 775 (1942). The question there was whether the State Board of Adjustment had jurisdiction over a claim based upon the negligence of an employee of the Talladega County Board of Education, or to put it another way, whether claims against the county board of education, as opposed to claims against other governmental agencies, were among those to be adjudicated by the Board of Adjustment. This determination prompted the Court to make the following observations regarding the nature and power of a county board of education:
"This Court has held that a county board of education could sue and be sued to a limited extent, but not on a claim arising from the negligence of one of its servants or agents because it is an independent agency of the State, not one which is immediate, but nevertheless it is acting in a governmental capacity. Turk *1316 v. Board of Education, 222 Ala. 177, 131 So. 436; Ex parte Board of School Com'rs of Mobile County, 230 Ala. 304, 161 So. 108. Those cases, following Shepherd v. Jones, 228 Ala. 307, 153 So. 223, make a separate classification of strictly State boards and commissions, including State colleges and describe them as immediate and strictly governmental agencies, not subject to suit. But that a county board of education, while not an immediate agency of the State, acts in a public and governmental capacity, and therefore is not liable for the torts of its agents and employees, while so engaged, but is ordinarily otherwise subject to suit. Its funds are State funds. State v. Tuscaloosa County, 233 Ala. 611, 172 So. 892; Williams v. State, for Use and Benefit of Pickens County, 230 Ala. 395, 161 So. 507." (Emphasis supplied.)
As we stated earlier, a county board of education can be sued "within the scope of its corporate power." Morgan v. Cherokee County Board of Education, supra, (an action by the board to recover land), but our cases appear to have held that tort liability is not one of those matters within the scope of its corporate power. Indeed, had the Legislature wished to place boards of education on the same tort liability footing as county hospital boards, it could have made Tit. 52, § 99 read "It may sue and be sued, and contract. . . ." Then we could have followed the reasoning we applied in Lorence. It did not do so, however, and so we are left with the same problem the Court faced in deciding Lorence, that is, otherwise finding express legislative permission for tort actions against boards of education. Our previous decisions have found none, and we have been referred to no change in the legislation which has created such permission. Accordingly, the trial court was correct in granting the motion to dismiss the negligence counts.
For the error in granting the motion to dismiss the contract counts, the judgment is due to be reversed and remanded. It is so ordered.
REVERSED AND REMANDED.
HEFLIN, C. J., and ALMON, SHORES and EMBRY, JJ., concur in the result.
JONES, J., concurs in part and dissents in part.
BLOODWORTH, MADDOX and FAULKNER, JJ., dissent.
JONES, Justice (concurring in part and dissenting in part):
I concur with the opinion of the Court to reverse and remand as to the contract claim. I do not agree that the plaintiffs cannot proceed on their claims in tort. I agree that The Etowah County Board of Education does not equate the State of Alabama for constitutional immunity purposes, but I do not agree that the defendant has been granted legislative immunity in the act that creates the Board.
FAULKNER, Justice (dissenting).
Under Title 52, § 99 of the Code of Alabama 1940, the county board of education may sue and contract. Although there is no explicit granting or denial of the right to be sued, county boards have been held, in numerous cases, to be quasi corporations with the right to sue and the implied right to be sued. E. g., Madison County Board of Education v. Wigley, 288 Ala. 202, 259 So.2d 233 (1972); Turk v. County Board of Education, 222 Ala. 177, 131 So. 436 (1930). However, the right to be sued is not a right to be sued for any cause of action, but is limited to suit upon such matters only as are within the scope of its corporate powers. Turk, supra. Thus, the mere fact that the county board of education is created as a body corporate with power to sue and be sued does not affect its immunity from tort. Turk, supra. See also Buck v. McLean, 115 So.2d 764 (Fla.App.1959) (facts and issue nearly identical to case at bar).
In this case there was no contract, express or implied, between the county school board and the paying spectator. The contract counts were properly dismissed since the duty alleged was imposed solely by law and its alleged breach was tortious only. See Lorence v. Hospital Board, 294 Ala. 614, 320 So.2d 631 (1975).
*1317 Moreover, Lorence does not allow me to avoid or alter this statutory construction. Lorence abolished the defense of governmental immunity to actions in tort against county hospital boards. In doing so, full effect was given to the legislative intent expressed in the statute governing such boards. This statute, Title 22, § 204(24) of the Code of Alabama 1940, expressly gives county hospital boards the power to sue and be sued.
The single issue in Lorence was the question of immunity of a county hospital board. "Neither [the question of the county hospital board's liability had the statute been silent as to its right to be sued] nor the question of the county's general liability is before us." Lorence, supra, at 618, 320 So.2d at 634. Thus, Lorence is of value only indirectly as a guiding case.
Although both are creatures of statute, a county board of education and a county hospital board are different in several ways. Education is a state functionnot a county function. See Alabama Constitution, Art. 13, § 256. County boards of education are not agencies of counties but are independent agencies of the state. Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163 (1928).
BLOODWORTH and MADDOX, JJ., concur.