This appeal presents a single question: did the trial court err in granting the defendants' motion to dismiss Count Two of the plaintiff's complaint which alleged the following:
 "1. On a date prior to March 7, 1975, Plaintiff entered into an agreement with *Page 1352 
defendants, hereinabove named, whereby the Plaintiff was employed to work in the lunchroom of Walter Wellborn School in Calhoun County, Alabama.
 "2. Under the terms of said agreement, the defendants, hereinabove named, expressly or impliedly promised to furnish the plaintiff with a reasonably safe place in which to work.
 "3. On or about March 7, 1975, plaintiff fell to the floor of the lunchroom of Walter Wellborn School, while acting in the service of said Defendants, and suffered the following injuries and damages:
 "Plaintiff realleges the injuries and damages set out in Count One, paragraph 1, of this complaint [allegation of injuries suffered].
 "4. Said injuries and damages were proximately caused by the breach of the terms of the contract described in paragraphs 1 and 2 of this count by the defendants, in failing to provide the plaintiff with a reasonably safe place in which to work.
 "5. Plaintiff realleges paragraph 3 of Count One [judgment demand]."
The plaintiff is Mrs. Vergie Carter; and the defendants are the Calhoun County Board of Education, et al. Mrs. Carter appealed from the order granting the motion to dismiss Count Two.
Plaintiff concedes in brief that the allegations of Count Two of the complaint that the Board ". . . `expressly' . . . promised to furnish plaintiff a reasonably safe place in which to work." are not advanced by the plaintiff as grounds for reversal. It is her contention that the allegation of an implied promise to furnish a reasonably safe place to work is a sufficient allegation of an action based upon breach of an implied contract to withstand a motion to dismiss.
As has been said so often, Rule 8, ARCP, is complied with if the complaint gives the defendant ". . . fair notice of what the plaintiff's claim is and the grounds upon which it rests."Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102,2 L.Ed.2d 80 (1957). In pleading an action on a contract implied in fact, the allegations must show the facts and circumstances from which the agreement can be inferred. Wright Miller, Federal Practice and Procedure: Civil § 1235; Berry v. Druid CityHospital Board, Ala., 333 So.2d 796 (1976).
In Sims v. Etowah County Board of Education, Ala.,337 So.2d 1310, 1312 (1976), the allegations were:
 "`2. That the plaintiff and her husband did pay a sum of money to the defendants to purchase a ticket to witness said football game and the defendant did impliedly contract to furnish to the plaintiff a safe and proper place from which she could observe said football game.
 "`3. The defendants breached said contract . . . in that the football stands upon which she was seated were not fit and proper for use as football stands and collapsed during said football game, causing the plaintiff to suffer personal injury and damages.'"
The court, referring to these allegations, said:
 "It will be noted that these contract counts alleged an implied contract to furnish a safe and proper place from which to observe the game and that the defendants breached that contract because the football stands upon which she was seated were not fit and proper for that use, and collapsed. This allegation appears to us to charge the breach of an implied agreement to furnish a proper place from which to safely observe the game . . Plaintiffs have stated a contract, albeit an implied one, and its breach sufficiently to comply with ARCP 8 (a), 1 Lyons, Alabama Practice, § 8.3 (1973), and if the defendant is otherwise amenable to suit, the motion to dismiss was improperly granted." (337 So.2d at 1313)
We think Sims, supra, is dispositive of the case here. The complaint in the instant case alleges that the defendants impliedly promised to furnish a safe and proper place for the plaintiff to do her work and that the defendants breached that contract. *Page 1353 
True, the allegations do not specify with particularity the manner by which the defendants failed to provide a reasonably safe place for the plaintiff to perform her part of the contract; but we do not think the rules require such particularity, so long as the allegations sufficiently inform the defendants of what the plaintiff's claim is and the grounds upon which it is based. Although the breach of the implied agreement is only minimally alleged, we believe the spirit of the rules requires that the plaintiff be given an opportunity to proceed with her claim; and if she is able to present evidence from which the jury could find that the parties to this litigation did assent to an implied agreement, and that the defendants breached that agreement, resulting in the plaintiff's injuries, she is entitled to have a jury pass on that issue. Obviously, the plaintiff has the burden of proving that the defendants did impliedly promise to furnish her a safe place in which to work, and that they breached that agreement.
As was first stated in Conley v. Gibson, supra, and thereafter often restated:
 ". . . In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . ." (355 U.S. at 45, 46, 78 S.Ct. at 102.)
This court has followed this rule in a number of cases.Watwood v. R.R. Dawson Bridge Co., Inc., 293 Ala. 578,307 So.2d 692 (1975); Bowling v. Pow, 293 Ala. 178, 301 So.2d 55
(1974).
The judgment granting the motion to dismiss is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur.