BEATTY, Justice.
Appeal by John W. and Janice M. Fluker, plaintiffs, from an order dismissing their complaint brought to recover damages for injuries John incurred from brucellosis contracted while he was employed in the slaughterhouse of defendant Sunnyland Foods, and Janice’s resulting loss of consortium. We affirm.
Plaintiffs’ complaint alleged an express or implied contract under which defendant agreed to furnish plaintiff with a safe place to work free from infectious occupational diseases. The defendant’s motion to dismiss alleged three grounds: (1) the relationship of employer-employee under the workmen’s compensation laws; (2) the statute of limitations; and (3) failure to state a claim under which relief could be granted. Following a hearing, the trial court issued its order dismissing plaintiffs’ complaint.
We quote from plaintiffs' complaint:
“3. On or about June 28, 1978, Plaintiff [John Fluker] contracted an infectious occupational disease called bru-cellosis, a disease transmitted from animals to humans. The said disease’s main carrying agents are cattle and hogs and a person may be infected by contact with infected meat and said disease is common to slaughterhouse environments.
“Plaintiff contracted the disease while acting in the service of said Defendants *587 and suffered the following injuries and damages:
“Dysthymic disorder, diminished intellectual functioning, diminished academic capacity, depression and emotional difficulties, marital, occupational and interpersonal relationship difficulties, mental anguish and physical suffering.
“4. Said injuries and damages were proximately caused by the breach of the terms of the contract described in paragraph 2 by the Defendants, failing to provide the Plaintiff with a reasonably safe place in which to work free from infectious occupational diseases.” (Emphasis added.)
Plaintiffs cite us to three cases as authority for their recovery under those allegations: Wheeler v. Glasgow, 97 Ala. 700, 11 So. 758 (1892); Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976); and Carter v. Calhoun County Board of Education, 345 So.2d 1351 (Ala.1977).
The Wheeler case, supra, has no relevance to the instant case other than to describe the characteristics of a basic contract. Berry, supra, held that a contract implied in fact could arise between a patient and a governmental hospital from acts and conduct of the parties. Carter, supra, held that the complaint of a lunchroom worker who alleged injuries from a fall to the floor of a school lunchroom, which fall was alleged to have occurred because defendant breached its contract to provide a safe place to work, stated a cognizable claim. No mention was made in Carter, however, of any applicability of the workmen’s compensation laws to plaintiffs claim. Indeed, when Carter was decided in 1977, the Workmen’s Compensation Act covered school districts only if those districts affirmatively elected to come within its provisions. Code of 1975, § 25-5-50. Cf. Acts of 1984, No. 84-322, § 2; codified at § 25-5-50 (Supp.1984), which deleted the reference to “school district.” No showing was made of any such election in Carter.
An “occupational disease” is defined by § 25-5-110 as:
‘ A disease arising out of and in the course of employment, other than occupational pneumoconiosis and occupational exposure to radiation as defined in articles 5 and 7, respectively, of this chapter, which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease (including, but not limited to, loss of hearing due to noise) shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation or employment as a direct result of exposure over a period of time to the normal working conditions of such trade, process, occupation or employment. The term ‘occupational disease’ shall not include accidents within the meaning of articles 3, 5 and 7 of this chapter.”
Here, plaintiff John Fluker concededly contracted an occupational disease while employed by a covered employer. Code of 1975, § 25-5-114, affirmatively states:
“The rights and remedies granted in this article shall exclude all other rights and remedies of an employee, his personal representative, parent, surviving spouse, dependents or next of kin, at common law, by statute, contract or otherwise on account of the contraction of an occupational disease, as defined in this article, and on account of any injury, disability, loss of service or death resulting from an occupational disease, as defined in this article. Except as provided in this article, no employer included within the terms of this chapter and no officer, director, agent, servant or employee of such employer shall be held civilly liable for the contraction of an occupational disease, as defined in this article, or for injury, disability, loss of service or death of any employee due to an occupational disease while engaged in the service or business of the employer, the cause of which occupational disease originates in the employment; ...”
*588 The terms of the Act provide that John Fluker’s exclusive remedy under the facts alleged fall within the Workmen’s Compensation Act, for § 25-5-113 expressly states:
“No employee of any employer subject to this article ... shall have any right to any other method, form or amount of compensation or damages for the contraction of an occupational disease, as defined in this article, or for injury, disability, loss of service or death resulting from such disease, arising out of and in the course of employment, or determination thereof, in any manner other than as provided in this article.... ”
Cf. Smith v. West Point-Pepperell, Inc., 431 So.2d 1268 (Ala.Civ.App.1983).
Furthermore, § 25-5-114 also excludes Janice Fluker’s common law claim for loss of consortium because she is presumed to be John Fluker’s dependent. See § 25-5-61 and § 25-5-123.
Because we hold that the quoted statutes bar plaintiffs’ recovery, we need not consider the other grounds of defendant’s motion to dismiss.
The order of the trial court granting defendant’s motion to dismiss must be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.