ADAMS, Justice.
These consolidated appeals are from summary judgments in favor of defendants Charles Conaway, Mike McCowan, and Clayton Sherrod. We affirm.
The appellant, Peggy Morgan, was employed as a part-time waitress at the Tara House Restaurant in Homewood, Alabama, when she was injured on May 26, 1979. Morgan took an order for a flaming drink known as a “Cafe Diablo,” an alcoholic beverage that includes Bacardi Rum 151 (151 proof). After summoning the assistant manager, Stan Derencin, to prepare the drink at the customer’s table, Morgan looked on. When the 151-proof rum was added to the lighted mixture, the drink flared up, injuring Morgan. She was hospitalized for three weeks for treatment of the burns she sustained in the accident. Workmen’s Compensation benefits paid for her medical expenses.
Morgan filed suit on May 6,1980, against Derencin and several fictitious parties, claiming that Derencin had caused her injuries by reckless or negligent preparation of the flaming drink. She amended her complaint on May 26, 1983, to include Bacardi *931 Corporation, Bacardi Imports, Inc., and Budget Uniform Center, Inc., as defendants. On May 15, 1984, Morgan’s claims against Bacardi Corporation and Bacardi Imports were dismissed following a pro tanto settlement.
Morgan amended her complaint again on August 8, 1984, and added Mike McCowan, Charles Conaway, and several more fictitious parties. She alleged that these defendants breached an implied contract to provide her a safe workplace by allowing the use of Bacardi Rum 151 in flaming drinks despite labels on the bottles warning against such use. She also claimed that she was a third-party beneficiary of an implied contract between these defendants and the Tara House Restaurant to provide her a safe workplace.
On October 11, 1985, summary judgment was entered in favor of Budget Uniform Center, the manufacturer of the uniform Morgan was wearing at the time of the accident. Morgan amended her complaint again on November 26, 1985, to include Clayton Sherrod, the head chef at the Tara House Restaurant at the time of the accident. Summary judgment was granted February 13,1986, in favor of Charles Con-away. On July 16, 1986, summary judgment was granted in favor of defendants McCowan and Sherrod. Morgan appealed the summary judgments as to these three defendants in two separate appeals, which have been consolidated.
Two issues are before us on appeal: (1) whether summary judgment was properly granted in favor of these defendants because plaintiffs claims were causes of action in tort, not in contract, and were, therefore, barred by the statute of limitations; and (2) whether the court erred in finding that plaintiff had failed to comply with the fictitious party rule regarding the joinder of defendant Sherrod.
The essence of plaintiffs first argument is that an implied contract existed between her and the defendants to provide her a safe workplace and that the defendants breached the contract. She also contends that she is a third-party beneficiary of defendants’ contractual relationship with the owners of the Tara House Restaurant, which, she says, impliedly assured that a safe workplace would exist. In support of her argument that Conaway, McCowan, and Sherrod breached an implied contract to provide her a safework place, Morgan cites Carter v. Calhoun County Board of Education, 345 So.2d 1351 (Ala.1977), and Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala.l976). In Carter, the plaintiff was an employee who slipped and fell in the school lunchroom while performing her duties. We held that the trial court had improperly dismissed her claim that her employer, the school board, had failed to provide her a safe work place. In that case, Justice Shores wrote that although plaintiff Carter had only minimally alleged breach of an implied agreement she should be allowed to go forward with her claim i/she could present evidence of mutual assent to the alleged implied agreement, breach of such an agreement, and resulting injury.
In Sims, plaintiff paid for admission to a high school football game and was injured subsequently when the viewing stand on which she was seated collapsed during the game. We reversed the trial court’s dismissal of plaintiff Sims’s claim that the Etowah County Board of Education had impliedly contracted with her to provide a safe place for her to view the football game. Both Carter and Sims involved suits by employees against their employers, the corporate entities with which they had contracted. Neither Carter nor Sims involved a suit against co-employees, like the case here. Plaintiff insists, nevertheless, that the present case, like Carter and Sims, involves an implied contract and that the owner’s duty to provide a safe workplace was delegated to the defendants, that that duty was breached, and that plaintiff was injured as the result of defendants’ breach.
Assuming, arguendo, that defendants had been delegated the duty to provide plaintiff a safe workplace, as she alleges — an allegation defendants deny— plaintiff's claim for breach of that duty would properly lie in tort, not in contract. *932 Morgan was hired by Stan Derencin, an agent of the Tara House owners, to work for the owners of the restaurant as a waitress in exchange for wages and tips. No contract, express or implied, existed between Morgan and defendants, who were also employees of the owners. In Waters v. American Cas. Co., 261 Ala. 252, 73 So.2d 524 (1954), this Court held:
When the contract does not in terms require reasonable care in doing the acts stipulated to be done, the law imposes a duty — but does not imply a contract — to exercise due care in doing that act; and, therefore, when negligence exists in doing that act, an action in tort only is available because there is no express or implied contract which is breached.
261 Ala. at 258, 73 So.2d at 524. In Fontenot v. Bramlett, 470 So.2d 669 (Ala.1985), we reaffirmed the position stated by Justice Jones in his concurring opinion in Fireman’s Fund American Insurance Co. v. Coleman, 394 So.2d 334 (Ala.1980):
“Only where the employer, except for employer immunity, owes a duty of due care, the breach of which causes injury, and this duty is delegated by the employer to the co-employee defendant, or voluntarily assumed by him and the defendant breaches this duty through personal fault, can liability be imposed upon the co-employee. As in any negligence claim, the breach consists in the defendant’s failure to discharge the delegated or assumed obligation with the degree of care required of a person of ordinary prudence under the same or similar circumstances.”
Coleman, supra, at 346 (Jones, J., concurring in the result). Although an employer may delegate to an employee the duty to provide a safe workplace, breach of that duty by the employee may provide a fellow employee a cause of action in tort. In Eason v. Middleton, 398 So.2d 245 (Ala.1981), Justice Jones wrote in his special concurrence:
[T]he breach of an implied agreement to provide due and reasonable care is a tort claim only and will not support an action sounding in contract....
Eason, supra, at 248 (Jones, J., concurring specially).
Plaintiffs claim that she is a third-party beneficiary of defendants’ implied contractual relationship with the owners of the Tara House restaurant is also without merit. In Brown v. Schultz, 457 So.2d 388 (Ala.1984), we held that a plaintiff who sued co-employees for failing to provide a safe workplace for plaintiff could not maintain a contract action on the theory that he was a third-party beneficiary of an implied contract between the employer and the defendants individually. Relying on Eason, supra, and Waters, supra, as quoted herein, we concluded in Brown, as we conclude in this case:
Plaintiff clearly cannot get around the requirement that he file his complaint within one year by relying on a theory of implied third-party beneficiary contract.
Brown, supra, at 391. Having determined that appellant’s only possible cause of action against appellees lay in tort and not in contract, we hold that her claim is barred by the one-year statute of limitations.[1] The original complaint was filed within one year of the time the cause of action in tort accrued. However, the amended complaints adding claims against new defendants, the appellees in this case, were not filed until well after one year from the time the cause of action accrued. Therefore, the amendment adding tort claim against these new parties was time barred unless it related back under A.R.Civ.P. 15(c) to the filing of the original complaint.
Parties who are not technically before the court until after the amendment will have no defense based upon the statute of limitations if, (1) the claim against them arose from the transaction made the basis of the original pleading, and (2) they have received such notice of the institution of the action that they will not be prejudiced in their defense and (3) they knew or should have known all along that a mistake was all that stood between them and the courthouse.
*933 C. Lyons, Alabama Rules of Civil Procedure Annotated, Rule 15 p. 256 (2d ed. 1986). Appellant does not argue on appeal that the requirements of A.R.Civ.P. 15(c) were met, and instead argued only that the claim asserted was a contract claim and not a tort claim. Because appellant’s claim is statutorily barred, we need not consider the second issue raised: whether the trial court erred in granting defendant Sher-rod’s motion for summary judgment on Morgan’s attempt to join him in a contract action.
The summary judgments of the circuit court are, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.

. Code 1975, § 6-2-39(a)(5).