**Leann HORNE, Plaintiff,**

v.

**RUSSELL COUNTY COMMISSION, et al., Defendants.**

**No. CIV.A. 03–A–592–E.**

United States District Court, M.D. Alabama, Eastern Division.

Dec. 9, 2003.

Charles Michael Quinn, Kevin Wade Jent, Wiggins Childs Quinn & Pantanzis, PC, Birmingham, AL, Raymond L. Jackson, Jr., Lisa E. Boone, Jackson & Boone, PC, Auburn, AL, for Leann Horne.

William J. Benton, Jr., Benton & Benton, Phenix City, AL, Robbie Alexander Hyde, Ashley Hawkins Freeman, Webb & Eley, P.C., Montgomery, AL, for Russell County Commission, Russell County, Alabama.

William J. Benton, Jr., Benton & Benton, Phenix City, AL, Robbie Alexander Hyde, Ashley Hawkins Freeman, Webb & Eley, P.C., Montgomery, AL, Gary Clayborn Sherrer, Jackson Rhodes Sherrer & Terry PC, Dothan, AL, for Tillman Pugh.

William J. Benton, Jr., Benton & Benton, Phenix City, AL, Robbie Alexander Hyde, Ashley Hawkins Freeman, Webb & Eley, P.C., Montgomery, AL, Stanley A. Martin, Opelika, AL, for Mervin Dudley.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss Amended Complaint (Doc. # 14) filed by Defendants Russell County Commission; Russell County, Alabama; Tillman Pugh in his official capacity; and Mervin Dudley in his official capacity ("the County Defendants") on October 17, 2003; a Motion to Dismiss First Amended Complaint, Motion for More Definite Statement, and Motion to Strike (Doc. # 19) filed by Mervin Dudley individually ("Dud-

ley") on October 30, 2003; and a Second Motion to Amend the Complaint, filed by the Plaintiff on November 10, 2003.[1]

In her Second Amended Complaint, the Plaintiff brings claims for violation of her equal protection and due process rights pursuant to 42 U.S.C. § 1983 (Count I), violation of 42 U.S.C. § violation of 42 U.S.C. §§ 1985, 1986 (Count II), defamation (Count III), assault (Count IV), tort of outrage (Count V), invasion of privacy (Count VI), breach of contract (Count VII), and Title VII and Equal Pay Act claims (Count VIII).

## II.  *MOTION TO DISMISS STANDARD*

■ A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not … [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

## III.  *FACTS*

The allegations of the Plaintiff's Second Amended Complaint are as follows:

LeAnne Horne ("Horne") is employed by the Russell County Commission and/or Russell County, Alabama as the County Administrator. Horne alleges that she has endured constant gender based remarks and other demeaning comments from Defendant Tillman Pugh ("Pugh"), a County Commissioner, since she began her work as County Administrator. She also alleges that Pugh and another County Commissioner, Defendant Mervin Dudley ("Dudley"), have made false and malicious statements about her. Horne further alleges that the Russell County Commission violated its own policies and procedures and filled an employee position in Horne's office without Horne's knowledge or consent.

At a July 16, 2003 meeting, the Russell County Commission voted 4 to 3 to place Plaintiff on administrative leave for a renewable 90 day period. Horne sought review from the Russell County Personnel Review Board. In August of 2003, the Count Attorney for Russell County informed Horne that she was not entitled to review.

## IV.  *DISCUSSION*

The court will separately address the Motions to Dismiss filed by the County Defendants and Defendant Dudley in his individual capacity.

### A.  County Defendants

#### 1.  Federal Claims

The County Defendants move to dismiss the § 1983 claims against Pugh and Dudley in their official capacities, stating that

---

1. The Second Motion to Amend the Complaint seeks to add Title VII claims because the Plaintiff has now received her right to sue letter. This Motion is due to be GRANTED. Although the pending Motions to Dismiss are directed to the First Amended Complaint, because the substance of those motions is not altered by the amendment, the court considers the motions to apply to the Second Amended Complaint as well.

they are protected by legislative immunity. Horne concedes that those claims are due to be dismissed. *See* Plaintiff's Response to the Motion to Dismiss, page 2.

The County Defendants further contend that even under the allegations of the Amended Complaint, only two Commissioners bore discriminatory animus, so because the two Commissioners were part of a majority decision, there is no municipal liability. *See Mason v. Village of El Portal,* 240 F.3d 1337, 1339 (11th Cir.2001). Horne argues in response that she has alleged that a majority of the Commission voted to place her on leave in violation of her rights and that she need not allege more specific facts to state a claim.

■■■ The Eleventh Circuit has made clear that, under § 1983, one cannot impose liability on a governmental entity based on evidence of the pretextual motivations of only one of its members. *Mason,* 240 F.3d at 1339. The Eleventh Circuit also has explained that the existence of an unconstitutional motivation by only one commissioner is insufficient to impute such a motive to the commission at large. *Matthews v. Columbia County,* 294 F.3d 1294, 1297 (11th Cir.2002); *see also Collier v. Clayton County Comm. Service Bd.,* 236 F.Supp.2d 1345, 1372 –1373 (N.D.Ga.2002).

■■■ The court agrees with Horne that she should not be made to prove, at this stage of the proceedings, the elements of any of her claims.[2] With respect to the equal protection claim, however, the law is clear that the gender bias of two members of a four person majority is not sufficient to establish municipal liability. The allegations of the Amended Complaint do not include allegations of bias of the remaining members of the majority which voted in favor of Horne's placement on administrative leave. In the Second Amended Complaint, Horne alleges that a meeting was held to discuss her having filed a lawsuit and it was during this meeting that the Commission voted to place her on administrative leave. There is no allegation in the Second Amended Complaint that the other two members of the majority which voted in favor of placing her on administrative leave were motivated by gender bias. In fact, the allegation is that the action was taken in retaliation for Horne's having sought legal redress. Second Amended Complaint at ¶ 54. A pure or generic retaliation claim does not implicate the Equal Protection Clause. *Watkins v. Bowden,* 105 F.3d 1344, 1354 –1355 (11th Cir.1997). Therefore, although the court agrees that Horne need not produce evidence to support her claim at this stage in the proceedings, the allegation that Pugh and Dudley were motivated by gender animus is not sufficient to state a claim against the Russell County Commission or Russell County.

With regard to Horne's due process claim, the County Defendants further state that the Plaintiff has not been denied a property interest. Horne claims that she has been deprived of a property interest in her reputation. Horne concedes that loss of reputation is not a sufficient interest upon which to based a due process claim. She argues, however, that her suspension without pay is a sufficient change in status so as to support a due process claim. To support her argument, she relies in part on Title VII cases which define when a diminution of job duties or a transfer can constitute an adverse employment action. Even assuming for the purpose of argument only that Horne's suspension with pay could constitute an adverse employment action under Title VII, the applicable

---

**2.** For instance, the Defendants' reliance on arguments that Horne "has presented no evidence" is not appropriate in the context of a motion to dismiss.

standard for a due process claim is that there is a constitutional liberty interest.

Horne also relies on *Hardiman v. Jefferson County Board of Education,* 709 F.2d 635, 639 (11th Cir.1983), in which the court stated in a footnote that in certain circumstances a prolonged suspension might amount to a significant change of status under state law to implicate a constitutional liberty interest, for instance, "if the government in bad faith suspends an employee for an extended duration in the hope of forcing the employee to resign."

■ The County Defendants' response to this argument is that Horne has not alleged that she was suspended in bad faith, that she has not provided examples of bad faith, and that the Defendants are protected by the mixed motive defense based on Horne's allegation that she was suspended because she would hinder the discovery phase of the lawsuit. The court concludes that these arguments are more properly evaluated in the context of a motion for summary judgment. While the court certainly agrees with the County Defendants that Horne must allege the elements of her claim, her pleading is governed by the notice pleading standard. In contrast to her lack of allegations regarding disparate treatment on the basis of gender, Horne has made allegations which could support a finding of bad faith on the part of Pugh and Dudley, such as a statement by Dudley that the Commission meeting was a "hanging," and an alleged statement by Pugh that "if it is the last thing I ever do, I will get rid of you." Second Amended Complaint at ¶¶ 55, 24. Horne has also alleged that "at least one other Russell County Commissioner has made a similar threat . . . ." *Id.* at ¶ 24. Accordingly, the grounds for dismissal

which have been advanced as to this claim are unavailing.[3]

■ The County Defendants contend that Horne's claims asserted pursuant to §§ 1985, 1986 are due to be dismissed because Horne fails to provide facts to support an allegation that the Commission was aware of the conspiracy or failed to prevent it and because the claim is precluded by the intracorporate conspiracy doctrine.

■ The intracorporate conspiracy doctrine applies when agents of a single government entity are said to have conspired with one another or with the entity. *See Dickerson v. Alachua Co. Comm'n,* 200 F.3d 761 (11th Cir.2000). Horne has argued that Eleventh Circuit precedent on this question is distinguishable because the individuals in this case were elected officials. Although the County Defendants have cited no authority to support their position, this court agrees that there does not appear to be a distinction drawn in the case law between agents of the governmental entity who are elected officials and agents of the governmental entity who are employees. *See, e.g., Allen v. City of Chicago,* 828 F.Supp. 543, 564 (N.D.Ill.1993) (applying intracorporate conspiracy doctrine to an alleged conspiracy between the mayor, a commissioner and city council members). The court concludes, therefore, that the § 1985 and § 1986 claims against the County Defendants are due to be DISMISSED.

### 2. State Law Claims

■ The County Defendants contend that Horne has failed to state a claim for outrageous conduct because she has

---

**3.** The court has not considered other possible arguments with respect to the legal basis of this claim which have not been raised by the County Defendants. Any additional argu-

ments they may wish to raise can be made in a properly-filed motion for summary judgment or at trial.

failed to allege sufficient facts. To prevail on a claim for outrageous conduct, a plaintiff must establish (1) that the defendant's conduct was intentional or reckless; (2) that it was extreme and outrageous; and (3) that it caused emotional distress so severe that no reasonable person could be expected to endure it. *Ex parte Crawford & Co.*, 693 So.2d 458, 460 (Ala.1997). In this case, Horne has alleged that she was subjected to sexual harassment. "Egregious sexual harassment can amount to the tort of outrage." *Henry v. Georgia–Pacific Corp.*, 730 So.2d 119, 121 (Ala.1998). Accordingly, the court finds it appropriate to allow this claim to proceed at this stage, and the County Defendants will be free to raise arguments with respect to the sufficiency of proof at a later stage in the proceedings once the factual basis of this claim has been developed.

■ As to the claim for invasion of privacy, the County Defendants argue that this claim is vague, and that the Plaintiff has not adequately provided factual support for the allegation that the County Defendants ratified the actions of individual county commissioners in their official capacities. The County Defendants also state that county commissioners cannot ratify the acts of other county commissioners in their individual capacities.

■ If a plaintiff seeks to hold an employer liable under a theory of ratification, she must show that the employer: (1) had actual knowledge of the tortious conduct of the offending employee and that the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon this knowledge, the employer knew, or should have known, that such conduct constituted a continuing tort; and (3) that the employer failed to take 'adequate' steps to remedy the situation. *Potts v. BE & K Const. Co.*, 604 So.2d 398, 400 (Ala.1992).

While it is not abundantly clear upon what basis Horne contends that the County Defendants ratified the actions of Commissioners Pugh and Dudley, she does allege that the Russell County Commission or Russell County ratified and condoned one or more invasions of privacy by Tillman Pugh. Second Amended Complaint at ¶ 97. She further has alleged that she complained about Pugh's alleged attacks and harassment and that her employer refused to stop these attacks. *Id.* at ¶¶ 38, 39. Accordingly, the court concludes that, at this stage in the proceedings, Horne has sufficiently alleged an invasion of privacy claim against the County Defendants.

■ The County Defendants argue that Horne's breach of contract claim is not supported by the contract. Horne's argument is that the employment contract created a special relationship whereby the employer undertook to protect the employee from third parties. Such a theory has some support in Alabama law.

In *Carter v. Calhoun County Board of Education*, 345 So.2d 1351 (Ala.1977), the court concluded that a plaintiff's breach of contract claim should not be dismissed where she alleged that her employer had an implied contractual duty to provide a safe workplace. In *Carter*, the court concluded that a claim for breach of an implied contract had been adequately stated even though the complaint did not specify the manner in which the defendant failed to prove a safe workplace. *Id.* at 1353. The court also emphasized that the plaintiff would ultimately have the burden to prove that the defendants impliedly promised to provide a safe place to work and that the agreement was breached. *Id.* Although this court must apply the pleading requirements of federal, rather than state, law, the court must conclude at this stage of the proceedings that Horne may ultimately be able to prove facts to support

her claim, so that the Motion to Dismiss is due to be DENIED as to this claim.

■ Horne also argues that the hiring of an assistant breached her contract. While the County Defendants have contended that the contract did not speak to hiring of an assistant, Horne relies on a specific provision of the contract to support her argument. Accordingly, the court concludes that the Motion to Dismiss is due to be DENIED as to this claim. Of course, the County Defendants are free to raise arguments with regard to the sufficiency of Horne's proof of either theory of this claim either in a properly filed Motion for Summary Judgment or at trial.

### B. Defendant Dudley

■ Dudley contends that the federal claim in Count I of the Amended Complaint is not directed at him individually because it alleges that Dudley was acting under color of state law. It is clear, however, that individual state defendants may be held personally liable under § 1983 for damages based upon actions taken in their official capacities. See Hafer v. Melo, 502 U.S. 21, 31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). As this is the only ground for dismissal raised by Dudley as to Count I, the Motion to Dismiss is due to be DENIED as to this count.

■ Dudley also contends that the claims under § 1985, 1986 do not specify whether Dudley was acting in his official or individual capacity, and the intracorporate conspiracy doctrine applies. Under the intracorporate conspiracy doctrine, acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy so that, as in this case, agents of a governmental entity, when acting in the scope of their employment, cannot conspire among themselves. See McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir.2000). In this case, Horne argues that she has brought a conspiracy claim against Dudley in his individual capacity. Horne alleges that while "acting in his individual capacity and/or at other times while acting under State law, Defendant Mervin Dudley has acted with malice and reckless indifference to Plaintiff's civil rights." Second Amended Complaint at ¶ 73. To the extent that she is merely attempting to seek civil damages against Dudley individually for actions taken in the scope of his duties as commissioner, it would appear that the intracorporate conspiracy doctrine would apply to bar this claim. To the extent, however, that Horne is alleging instead that Dudley and Pugh conspired with one another outside of the scope of their employment, it may be that the intracorporate conspiracy doctrine does not bar this claim. See Scott v. City of Overland Park, 595 F.Supp. 520 (D.Kan.1984). As the basis of this claim is unclear, the motion to dismiss and motion for more definite statement are due to be GRANTED as to these claims against Dudley. Horne will be given leave to file an amended complaint which clarifies the nature of the §§ 1985, 1986 claims against Dudley.

As to Horne's state law defamation claim, Dudley seeks a more definite statement of the identities of citizens to whom statements were made and argues that the alleged communications may have been privileged. The court concludes that Horne's Second Amended Complaint meets the notice pleading standard as to this claim, that the information sought may be obtained through discovery, and that any defense of privilege is more properly asserted in a motion for summary judgment or at trial, after a presentation of evidence.

Dudley also asserts that Horne has not alleged sufficient facts to state a claim for outrageous conduct, but, as earlier dis-

cussed, because the nature of the basis of Horne's claim falls within a category of conduct which has been recognized as being outrageous conduct under Alabama law, the court finds that the Motion to Dismiss is due to be DENIED as to this claim.

Dudley claims that the invasion of privacy claim asserted against him should be repled to specify what actions were taken in his individual capacity. The court concludes, however, that Horne has adequately alleged, under the notice pleading standard, facts to withstand the Motion to Dismiss as to this claim.

With regard to the breach of contract claim, Dudley argues that this claim is due to be dismissed because he had no contract with Horne as an individual. Horne states in response that she is not pursuing a breach of contract claim against Dudley in his individual capacity. Accordingly, the Motion to Dismiss is due to be GRANTED as to Dudley on the breach of contract claim.

Dudley finally contends that the claims for attorneys' fees on the basis of state law claims is due to be stricken. Horne concedes this point, and states that she dismisses all claims for attorneys's fees for defamation, outrage, and invasion of privacy. *See* Plaintiff's Response (Doc. # 24) at page 4.

### V. *CONCLUSION*

For the reasons discussed, it is hereby ORDERED as follows:

1. The Second Motion to Amend the Complaint (Doc. # 22) is GRANTED.

2. The Motion to Dismiss Amended Complaint filed by Russell County Commission, Russell County, Tillman Pugh in his official capacity, and Mervin Dudley in his official capacity (Doc. # 14), as applied to the Second Amended Complaint, is GRANTED as to the equal protection claim and the 42 U.S.C. §§ 1985, 1986

claims, and those claims are dismissed with prejudice. The Motion to Dismiss is DENIED in all other respects.

3. The Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike (Doc. # 19) filed by Dudley individually is granted in part and denied in part as follows:

a. The Motion to Dismiss and Motion for More Definite Statement are GRANTED as to the claims in 42 U.S.C. § 1985, 1986 against Dudley and those claims are DISMISSED without prejudice. The Plaintiff is given until **December 22, 2003** to file a new amended complaint which specifies the nature of those claims as asserted against Dudley individually, if she wishes to pursue those claims.

b. The Motion to Dismiss by Dudley is GRANTED as to the breach of contract claim and that claim is DISMISSED with prejudice.

c. The Motion to Strike is GRANTED as to the Plaintiff's claim for attorneys's fees with regard to the defamation, outrageous conduct, and invasion of privacy claims.

d. The Motions are DENIED in all other respects.

e. If the Plaintiff elects to file a new amended complaint asserting §§ 1985 and 1986 clams against Dudley individually, such amended complaint must be complete unto itself, must not include additional claims, and must strictly conform to this Order, deleting all claims which have been dismissed with prejudice.

The case will proceed on the Plaintiff's Title VII claims, due process, and outrageous conduct, defamation, and invasion of privacy, and breach of contract against the County Defendants, her equal protection and claims for outrageous conduct, defamation, and invasion of privacy claims against Dudley individually, and all of the

claims which she has asserted against Pugh individually.