[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 09 2001
THOMAS K. KAHN
CLERK

_____

No. 99-15246

_____

D.C. Docket No. 98-01658-CV-DLG

ZANE W. MASON,

                                        Plaintiff-Appellant,

versus

VILLAGE OF EL PORTAL,
ANNA WARD,
L. D. KENNEDY,
and TONY FERGUSON,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 9, 2001)**

Before EDMONDSON, BLACK and MCKAY*, Circuit Judges.

_____

    *Honorable Monroe G. McKay, U.S. Circuit Judge for the Tenth Circuit, sitting
by designation.

MCKAY, Circuit Judge:

Plaintiff is a white male. When his term as chief of police in Defendant municipality expired, the Village council voted 3-2 not to reappoint him. He filed a complaint against the municipality pursuant to 42 U.S.C. § 1983 alleging in two separate counts racial discrimination and a violation of his right to free speech. In a third count he sued the three council members that voted against reappointing him for a conspiracy to violate his civil rights under § 1985(2).

After motions for summary judgment were filed, Plaintiff moved to amend the conspiracy count to allege a § 1985(3) claim rather than a § 1985(2) claim. The court denied the motion because it was untimely. Plaintiff then moved to dismiss that count without prejudice. The court denied the motion. The trial court granted summary judgment in favor of all defendants on all counts.

## I. SECTION 1983 CLAIM OF RACIAL DISCRIMINATION

After thoroughly examining the record and applying proper summary judgment standards, the trial court concluded that Plaintiff had established a *prima facie* case of racial discrimination under the test established in *McDonell Douglas Corp. v. Green*, 411 U.S. 792 (1973). It then proceeded

to examine the legitimate nondiscriminatory reasons given by the three Village council members. The record supports the trial court's conclusion that there remained a triable issue of fact whether council member Kennedy's reasons were pretextual but that no credible evidence supported the claim that the other two council members' legitimate reasons were unworthy of belief. Without such evidence, we will not presume they shared council member Kennedy's discriminatory motives. *See Gattis v. Brice*, 136 F.3d 724, 727 (11th Cir. 1998); *Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1996). Thus the critical issue on appeal is whether the alleged racially discriminatory motive of only one member of a three-member majority of a five-member council can give rise to municipal liability. We agree with the trial court that it does not. *See Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994).

## II. SECTION 1983 CLAIM OF RETALIATION FOR FREE SPEECH

Plaintiff also claims that he was not reappointed in retaliation for the fact that he spoke out at the Village's public safety commission (PSC) meeting against what he perceived to be planned discrimination. At the meeting in question, the PSC was discussing the replacement of a black police officer who had resigned. The PSC chair noted that the Village

3

council strongly supported hiring an Afro-American as the replacement. Plaintiff, on the other hand, recommended a Hispanic reserve officer for the position and stated in part:

> I would caution the committee as I've cautioned the council in the past about the emphasis placed on gender and/or race because those are not the primary considerations for hiring.
> Primary considerations, in fact, should not be given any bearing as to gender and/or race. The reason being that that places us in a precarious position from a legal standpoint with regard to other protected classes.

Def. Exh. 74, PSC Mtg. Tr. at 6.

The trial court noted that there followed a contentious exchange between Plaintiff and several members of the PSC. The council vote not to reappoint Plaintiff occurred on April 9, 1996, six months after the PSC meeting.

To prevail on his free speech retaliation claim, Plaintiff, as a government employee, had to establish that (1) his speech constituted a matter of public concern; (2) his First Amendment interests outweighed the Village's interest in promoting efficient delivery of public services; and (3) his speech played a substantial part in the council's decision not to reappoint him. *See Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989). Failure to establish any one of these three elements is fatal to

4

Plaintiff's claim. The trial court concluded that Plaintiff failed to establish a triable issue of free speech retaliation on all three grounds. Specifically, the court determined (1) that, in context, Plaintiff's speech was not a matter of public concern but rather was to further his own personal interest in persuading the PSC to follow his hiring recommendations; (2) that even if Plaintiff's speech were a matter of public concern it did not outweigh the Village's interest in efficient operation of government; and, finally, (3) applying the test set out in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), that insufficient evidence was presented to show that his speech before the PSC was a substantial motivating factor in the Village council's decision not to reappoint him.

Because an examination of the record clearly supports the trial court's *Mt. Healthy* determination, we need not address the other two reasons.

The trial court's correct summary of the record states:

[Plaintiff's] statements were made at the October 13, 1995, PSC meeting, yet the decision not to reappoint him did not occur until April of 1996, almost six months later. In fact, the only Village Councilmen present at the October 13, 1995, PSC meeting were DeRose, Dervali and Kennedy, two of whom voted in favor of reappointing Mason. Councilman Ward was not present at that meeting, nor was Councilman Ferguson, who did not become a member of the Village Council until January of 1996. . . . [Plaintiff] has not presented any evidence to show that Ward or Ferguson had knowledge of the statements made at

5

> the October 13, 1995, meeting. Moreover, the record demonstrates that Kennedy and . . . [Plaintiff] had a longstanding conflict. It is undisputed that Kennedy wanted . . . [Plaintiff] to resign from his position four months prior to . . . [Plaintiff's] speech.

Order on Summ. J. at 13-14.

As we stated *supra*, there can be no municipal liability unless all three members of the council who voted against reappointing Plaintiff shared the illegal motive. Since there is no evidence that council members Ward or Ferguson even knew of the statements Plaintiff made at the October 13, 1995, meeting, we cannot find that all three council members' votes not to reappoint Plaintiff were based on those statements.

## III. SECTION 1985(2) CONSPIRACY

Plaintiff claims that the three council members who voted not to reappoint him conspired to violate his civil rights. We find no abuse of discretion in the trial court's refusal to permit Plaintiff to amend his complaint, after motions for summary judgment had been filed, to change this claim from § 1985(2) to one under § 1985(3).

We agree with the trial court that the § 1985(2) claim fails for two reasons. First, Plaintiff did not allege that the three individual defendants interfered with the "due course of justice in any State or Territory." 42

6

U.S.C. § 1985(2); *see Kimble v. O.J. McDuffy, Inc.*, 648 F.2d 340 (5th Cir. 1981) (a § 1985(2) conspiracy must be intended to interfere with a party or witness's right to attend or testify in federal court).

Second, Plaintiff failed to establish invidiously discriminatory racial animus behind a conspiratorial decision not to reappoint him. In substance, the trial court correctly concluded that the record failed to show that at least two of the council members were motivated by racial animus. Without such evidence, there can be no showing of conspiracy–the key and necessary element of Plaintiff's § 1985(2) claim.[1]

For the foregoing reasons, the decisions of the trial court dismissing all the claims are AFFIRMED.

---

[1]The claim would fail for this reason even if the trial court had allowed Plaintiff to amend it to state a claim under § 1985(3).