[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 26, 2005
THOMAS K. KAHN
CLERK**

No. 04-13909
Non-Argument Calendar

_____

D.C. Docket No. 03-00005-CV-T-27-MSS

BRETT ALAN GEER,

Plaintiff-Appellant,

versus

JOHN F. HARKNESS, JR.,
JOHN ANTHONY BOGGS, et al.,[1]

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(May 26, 2005)**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

---

[1] All of the defendants except the Florida Bar were dismissed as defendants below and have not participated in this appeal. Geer does not appeal their dismissal.

Brett Alan Geer, an attorney proceeding pro se, appeals the district court's grant of summary judgment in favor of the defendant, the Florida Bar ("the Bar"). In his civil rights action pursuant to 42 U.S.C. § 1983, Geer alleged retaliation in violation of his First Amendment rights due to termination from his employment as an ethics prosecutor for the Bar. On appeal, Geer argues that the district court erroneously concluded that his claim failed because he spoke primarily on matters of private interest, not primarily on matters of public concern.

Geer's allegations centered around a decision by his supervisor to remove him as prosecutor in an ethics proceeding against a Florida attorney. The attorney's defense counsel had telephoned Geer's supervisor and asked that Geer be removed from the case, allegedly making defamatory statements concerning Geer's lack of impartiality and competence. A series of communications resulted from the supervisor's decision to remove Geer from the case, consisting of an in-person meeting between Geer and the supervisor on November 7, 2001, and three e-mails that Geer sent to the supervisor and others on November 8, 9, and 15, 2001, respectively. Geer claims that he was fired on November 16, 2001, as a result of his speech in these communications, in violation of his First Amendment free speech rights.

We review de novo a district court's grant of summary judgment pursuant to Fed.R.Civ.P. 56, viewing all evidence and inferences in a light most favorable to the non-moving party. "Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Burton v. Tampa Housing Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001) (quotation omitted). The non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. Graham v. State Farm Mutual Ins. Co., 193 F.3d 1274, 1281-82 (11th Cir. 1999) (internal quotations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

Although a state[2] may not demote or discharge a public employee in retaliation for speech protected by the First Amendment, the employee's speech

---

[2] We have held that the Florida Bar is a state agency. See Kaminowitz v. Fla. Bar, 996 F.2d 1151, 1152-53, 1155 (11th Cir. 1993) (adopting district court opinion dismissing a 42 U.S.C. § 1981 action for damages against the Florida Bar after finding that the Bar was a state agency for purposes of Eleventh Amendment immunity).

right is not absolute. Bryson v. City of Waycross, 888 F.2d 1562, 1565 (11th Cir. 1989). In order to prove a claim of retaliation for engaging in speech protected by the First Amendment, an employee must prove by a preponderance of the evidence that: "(1) the employee's speech is on a matter of public concern; (2) the employee's First Amendment interest in engaging in the speech outweighs the employer's interest in prohibiting the speech to promote the efficiency of the public services it performs through its employees; and (3) the employee's speech played a 'substantial part' in the employer's decision to demote or discharge the employee." Anderson v. Burke County, Ga., 239 F.3d 1216, 1219 (11th Cir. 2001). The first two factors are questions of law. Id. at 1219-20. Failure to establish any one of these three elements is fatal to a plaintiff's claim. Mason v. Village of El Portal, 240 F.3d 1337, 1339-40 (11th Cir. 2001).

"Because an employee's speech will rarely be entirely private or entirely public, the main thrust of the employee's speech must be determined" when determining if the speech is on a matter of public concern. Maggio v. Sipple, 211 F.3d 1346, 1352 (11th Cir. 2000) (quotations omitted). A court must determine whether the employee spoke primarily as a citizen on behalf of the public or primarily as an employee upon matters of personal interest. Id. This is decided by examining the "content, form, and context" of the speech, as revealed by the

record as a whole. Id. Although not dispositive, a court may consider the employee's attempts to make his concerns public. Morgan v. Ford, 6 F.3d 750, 754 n.5 (11th Cir. 1993).

The record as a whole reveals that in the November 7, 2001 meeting with his supervisor and in his three subsequent e-mails, Geer's speech centered primarily on the harm he felt defense counsel's allegedly defamatory statements had done and would continue to do to his personal business reputation. Geer complained primarily that his supervisor's decision validated counsel's allegations and harmed him professionally. Furthermore, Geer did not speak to the media and did not attempt to get his story published. Therefore, because the "main thrust" of his speech was private in nature, the speech was not protected by the First Amendment. See Maggio, 211 F.3d at 1352. Because his speech was not protected by the First Amendment, Geer's retaliation claim failed as a matter of law. See Anderson, 239 F.3d at 1219. Accordingly, the district court properly granted summary judgment in favor of the Bar, as no genuine issues of material fact existed and it was entitled to judgment as a matter of law. Burton, 271 F.3d at 1276-77. We therefore affirm.

**AFFIRMED.**[3]

---

[3] Geer's request for oral argument is denied.

5