[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 9, 2009
THOMAS K. KAHN
CLERK

No. 08-16778
Non-Argument Calendar

_____

D. C. Docket No. 08-00394-CV-A-N

MARY K. LYON,

                                                        Plaintiff-Appellant,

versus

WILLIAM ROBERT ASHURST, individually
and in his capacity as Section Engineer
and Supervisor of the Right-of-Way Division,
Alabama Department of Transportation,
JOHN THOMAS HALL, individually and in
his capacity as a co-employee in the
Alabama Department of Transportation
Right-of-Way Division,
RANDALL A. ESTES, individually and in his
capacity as Section Supervisor of William
Robert Ashurst in the Alabama Department
of Transportation Right-of-Way Division,
D. JOE MCINNES, individually and in his
capacity as Transportation Director of the
Alabama Department of Transportation,

                                                        Defendants-Appellees,

JACKIE GRAHAM, individually and in her capacity as Personnel Director for the Alabama Department of Transportation,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 9, 2009)

Before EDMONDSON, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Mary K. Lyon appeals the dismissal of her employment-related complaint against Appellees Joe McInnes, Director of the Alabama Department of Transportation ("ALDOT"), and ALDOT employees Joe William Ashurst, John Thomas Hall, and Randall Estes. No reversible error has been shown; we affirm.

According to the complaint, Plaintiff began work as an Administrative Support Assistant to Appellee Ashurst in February 2005. On 22 December 2005, an incident occurred between Plaintiff and her co-worker, Appellee Hall, about which Plaintiff filed a grievance for violence in the workplace. In response to Plaintiff's filing, Ashurst advised Plaintiff that she was out of line and needed to

2

"chill". Plaintiff's grievance was not the first filed against Hall. Linda Lee, another ALDOT employee, filed a grievance against Hall; and Plaintiff was subpoenaed to attend the hearing on Lee's grievance. Plaintiff claims that Ashurst advised her not to attend the Lee hearing; and although Plaintiff feared Ashurst would retaliate against her, she attended the 31 January 2006 hearing as required by the subpoena. Shortly thereafter, Plaintiff claims Ashurst falsely accused her of making a mistake on his leave slip. In early March 2006, Ashurst issued Plaintiff a written reprimand for a collection of minor infractions. On 27 March 2006, Plaintiff turned in a notice of resignation in which she stated she was resigning for health reasons.

On 20 April 2006, Ashurst issued a memo requesting that Appellee Estes, ALDOT Division Engineer, place a "Do Not Re-hire" in Plaintiff's personnel file because of her "disruptive, argumentative, and confrontational behavior." Performance appraisal forms also were included in Plaintiff's personnel file to the effect that she should not be rehired because of disruptive behavioral issues. Unaware of these forms counseling against rehire, Plaintiff sought -- and was denied -- other jobs within ALDOT, the State of Alabama, and other state agencies.

Plaintiff's complaint set out a plethora of claims against Appellees in their individual and official capacities based on alleged retaliation for the grievance she

3

filed against Hall and for her participation in the Lee hearing. As explained in a thorough 24-page opinion, the district court determined that all claims were due to be dismissed. Plaintiff argues on appeal that the district court erred when it granted Appellees's Rule 12(b)(6) motion to dismiss (1) her 42 U.S.C. §1983 claim for violation of her First Amendment rights; (2) her 42 U.S.C. §1985(2) claim for obstruction of justice and gender-based animus discrimination; and (3) her state law claim of libel.

Plaintiff's Section 1983 First Amendment Claim

Plaintiff claims error in the district court's determination that Plaintiff's speech related to the grievances she and her coworker filed against Hall was not protected speech under the First Amendment. To be constitutionally protected, a public employee's speech must, among other things, be "fairly characterized as constituting speech on a matter of public concern." Connick v. Myers, 103 S.Ct. 1684, 1690 (1983). If a public employee speaks "not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Id. And while public employees are not stripped of all First Amendment rights, the First Amendment

4

"does not empower [public employees] to constitutionalize the employee grievance." Garcetti v. Ceballos, 126 S.Ct. 1951, 1959 (2006) (internal quotation and citation omitted). Because an employee's speech often will touch at least to some degree upon private and public concerns, see Morgan v. Ford, 6 F.3d 750, 754 (11th Cir. 1993), we look to the content, form, and context of the speech to discern its "main thrust." Id. at 754-55. Whether the public employee's speech may fairly be characterized as addressing a matter of public concern is a question of law. Gonzalez v. Lee County Hous. Auth., 161 F.3d 1290, 1297 (11th Cir. 1997).

As set out in the complaint, Plaintiff's speech was in the context of an administrative proceeding, was personal to her and another employee, involved no public forum, and -- other than in the most abstract sense -- involved no matter of public concern. Citing our decision in Maggio v. Sipple, 211 F.3d 1346 (11th Cir. 2000), in which we concluded an employee's testimony at another employee's grievance proceeding was not protected under the First Amendment, the district court concluded that Plaintiff alleged no First Amendment violation. Our review of the content, form and context of Plaintiff's speech, confirms that Plaintiff has alleged no speech on a matter of public concern; her First Amendment claim was due to be dismissed.

Plaintiff's Section 1985(2) Claim

The second part of section 1985(2),[*] prohibits two or more persons from conspiring:

> for the purpose of impeding, hindering, obstructing, or
> defeating, in any manner, the due course of justice ...
> with intent to deny to any citizen the equal protection of
> the laws, or to injure him or his property for lawfully
> enforcing, or attempting to enforce, the right of any
> person, or class of persons, to the equal protection of the
> laws;

42 U.S.C. § 1985(2). According to Plaintiff, by placing a "Do Not Re-hire" classification and poor performance appraisal in her file (or approving the placement), Defendants conspired to interfere with her civil rights in violation of section 1985(2).

To state a claim under section 1985(2), Plaintiff must plead a private conspiracy with a racial or otherwise class-based invidiously discriminatory motivation. See Mason v. Village of El Portal, 240 F.3d 1337, 1340 (11th Cir. 2001) (failure to establish invidiously discriminatory racial animus behind conspiratorial decision defeated section 1985(2) claim). The district court dismissed Plaintiff's original complaint because it failed to allege that

---

[*]The first part of section 1985(2) addresses conspiracies affecting proceedings in a court of the United States; it has no application to a state administrative proceeding. See Seeley v. Brotherhood of Painters, 308 F.2d 52, 58 (5th Cir. 1962).

Defendants's purported conspiratorial acts were motivated by a racial or class-based animus. So, too, Plaintiff's amended complaint was dismissed because it failed to allege or support an inference that the claimed conspiracy as a whole was motivated by class-based animus.

We agree. Plaintiff's grounds for her entitlement to relief were no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Even accepting all the allegations in Plaintiff's amended complaint as true, only speculation can fill the gaps in the complaint. The complaint alleges that both Plaintiff and the other grievant are members of a protected class -- female -- and that Defendant Hall acted with invidiously discriminatory motivation; but no facts are pleaded to tie that class-based motivation to the acts of the other Defendants who (unlike Hall) actually participated in or approved the placement of the negative material in Plaintiff's employment file.

Plaintiff's State Law Libel Claims

Count 3 of Plaintiff's complaint set out a defamation claim premised on Defendants's placement of a "mental ward" sign in the workplace. The district court concluded -- and Plaintiff concedes -- that claim was barred by the statute of limitations. In a Motion to Amend or Vacate Order, Plaintiff sought to have the

district court consider her defamation claim as premised on the negative materials placed in her employment file. These materials were not included in the defamation count but were otherwise in the complaint. The district court refused to do so: if Plaintiff wished to assert new defamation claims, the appropriate procedure was to file a motion to amend the complaint.

Dismissal of the defamation count as pleaded is due to be affirmed: the statute of limitations was dispositive. The district court is not tasked with responsibility for sifting through a complaint in search of other facts that might suggest an alternative basis to support a particular cause of action. The defamation claim Plaintiff now advances was no part of the defamation count of the complaint; and Plaintiff never sought to amend the complaint to add this alternative defamation count. The district court committed no error.

We have reviewed and find without merit other arguments advanced by Plaintiff.

AFFIRMED.